A. & S. Construction Co., Inc., Appellant, *v.* John Brock, the Name " John " being Fictitious, etc., Respondent.

Second Department, June 9, 1922.

Landlord and tenant — monthly tenancy or tenancy from month to month protected by September Rent Laws of 1920 — action for increased rent cannot be maintained without giving thirty days' notice to tenant that he must surrender or pay increased rent — Laws of 1920, chapters 209 and 944, §§ 5 and 6, construed.

An action against a tenant holding under a monthly tenancy or under a tenancy from month to month to recover increased rent for the use and occupation of an apartment in the city of New York cannot be maintained where the tenant is protected in his tenure by the September Rent Laws of 1920, without giving to the tenant the thirty days' notice required by chapter 209 of the Laws of 1920, which notice must be to the effect that the tenant must surrender or pay the increased rent.

A construction of chapter 209 of the Laws of 1920 and sections 5 and 6 of chapter 944 of the Laws of 1920 leads to the conclusion that a tenant whose possession is protected by the September Rent Laws of 1920 cannot be removed in any manner, even by increase in rent, without thirty days' notice.

Appeal by the plaintiff, A. & S. Construction Co., Inc., from an order of the Appellate Term of the Supreme Court, made on the 19th day of January, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Sixth District, dismissing the complaint in an action to recover for the use and occupation of premises No. 2126 Nostrand avenue, Brooklyn, N. Y.

The tenancy began before the September Rent Laws of 1920 went

into effect.   The rent was forty-one dollars and twenty-five cents per month.   About two weeks before May first the landlord notified the tenant that the rent would be sixty-five dollars per month from and after the first of May.   The tenant refusing to pay the increased rental, the landlord, on May 23, 1921, brought an action to recover sixty-five dollars for use and occupation of the premises during May.   The tenant paid forty-one dollars and twenty-five cents into court and answered, alleging that the increased rental was unjust, unreasonable and oppressive.   The court dismissed the complaint on the ground that thirty days' notice of increase of rent had not been given plaintiff.

*Milton Hertz*, for the appellant.

No appearance or brief for the respondent.

Blackmar, P. J.:

The single question on this appeal is whether a landlord can increase the rent of a tenant whose tenure is protected by the Rent Laws of September 27, 1920, without giving thirty days' notice that the tenant must surrender or pay the increased rent.

For the purpose of giving security to monthly tenants in the city of New York, chapter 303 of the Laws of 1882 was passed. It reads as follows:

" No monthly tenant shall hereafter be removed from any lands or tenements in the city of New York on the grounds of holding over his term (except when the same expires on the first day of May), unless at least five days before the expiration of the term the landlord or his agent serves upon the tenant, in the same manner in which a summons in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy, and that, unless the tenant removes from said premises on the day on which his term expires, the landlord will commence summary proceedings under the statute to remove such tenant therefrom."

By chapter 357 of the Laws of 1889 this act was made applicable to the then city of Brooklyn.   These acts were amended by chapters 512 and 649 of the Laws of 1919 and were again amended and consolidated by chapter 209 of the Laws of 1920, which extended the provision not only to a monthly tenant but to a tenant from month to month, struck out the exception as to tenancies expiring on the first day of May, and provided that the tenant should not be removed " from any lands or buildings " unless a thirty days' notice of his intention to terminate the tenancy was given by the landlord in the manner therein prescribed.

As a consequence of these laws a monthly tenant or a tenant

from month to month was secure in the possession of the premises for another month unless he received thirty days' notice to quit.

Chapter 944 of the Laws of 1920, sections 5 and 6, provides in substance that in an action for rent or for use and occupation a judgment rendered for plaintiff shall contain a provision that if the rent is not paid within five days a warrant shall issue to remove the tenant from the premises.

If the landlord may increase the tenant's rent by serving on him a notice of less than thirty days before the termination of the tenancy, he could then, under the provisions of chapter 944 of the Laws of 1920, obtain a judgment for the increased rent, and if the judgment is not paid within five days he is entitled to a warrant to dispossess the tenant. Such a result would *pro tanto* nullify the provision of chapter 209 of the Laws of 1920, which entitles the tenant to continue in possession unless a thirty days' notice of the landlord's intention to terminate the lease is given.

I think a construction of these statutes leads to the conclusion that a tenant whose possession is protected by the Rent Laws cannot be removed in any manner, even by increase of rent, without the thirty days' notice.

The determination of the Appellate Term should be affirmed, with costs.

Present—BLACKMAR, P. J., RICH, KELLY, JAYCOX and YOUNG, JJ.

Determination of the Appellate Term unanimously affirmed, with costs.