ALVIN J. SPIRE, Landlord, *v.* JESS DOCTOR, Tenant.
Municipal Court of City of Syracuse, August 10, 1944.

*Gordon H. Mahley* for landlord.

*Sidney H. Greenberg* for tenant.

McCLUSKY, J. This is a summary proceeding to evict the defendant without specification in the petition as to the grounds for removal. The defendant appeared generally upon the return day by attorney and filed an answer. At the opening of the trial the defendant moved to dismiss the proceedings upon three grounds, viz., (1) that the petitioner had failed to comply with the Office of Price Administration's regulations relative to rentals in that he had failed to allege ownership of the premises before the effective date of the Rent Regulation for Housing in the Syracuse Defense-Rental Area (8 Fed. Reg. 13913) viz., November 1, 1942, or if after November 1, 1942, that he had secured a certificate from Regional Rent Director and had served the requisite notice; (2) that the petition fails to state the purpose for which the petitioner desires possession; (3) that no notice to vacate was served and, if served, was not served properly. The court reserved decision upon the several motions.

Section 1415 of the Civil Practice Act specifies the essential contents of the petition generally. The petition must be veri-

fied, the premises must be described, the interest of the petitioner must be shown and the petition must state the facts which, according to the provisions of article 83 of the Civil Practice Act, authorize the application by the petitioner and the removal of the person in possession, intelligibly designating the person or persons against whom the proceeding is instituted. The objection goes to the point as to whether or not the Rent Regulation applying to this area is to be read as part of article 83 and insofar as applicable, whether or not the failure to properly allege those facts is jurisdictional.

The Rent Regulation has been in force in this city since November 1, 1942. Subdivision (e) of section 6 of the Regulation provides that " No provision of this section [evictions] shall be construed to authorize the removal of a tenant unless such removal is authorized under the local law." Accordingly this court is of the opinion that the regulations in question are deemed to be part of article 83 of the Civil Practice Act and a limitation thereon. Section 6 of the Regulation prohibits all evictions other than for nonpayment. Six categories of exceptions in which permission is granted to evict are enumerated. From the very phrasing of this section it is evident that this court has no jurisdiction of any eviction actions except nonpayment unless the factual recitation of jurisdiction is shown in the petition. This proceeding not being one for nonpayment, the petition must set up the jurisdictional facts bringing it within the exceptions. The petitioner desires possession, as the proof showed, under paragraph (6) of subdivision (a) of section 6, [occupancy by landlord] but nowhere does that appear. " It is well settled, however, that a summary proceeding is a creature of statute and that all provisions of the statute must be strictly followed to give the court jurisdiction. * * * If the defect is vital no amendment may be granted." (*Marmac Building & Holding Corp.* v. *Vassar G. Corp.*, 124 Misc. 409.)

In the light of these observations it is not necessary to pass on the other objections. The motion to dismiss the petition on the ground that the court has no jurisdiction is granted. Petition dismissed, with costs to respondent.