ANNE McLAUGHLIN, Landlord, *v.* FRANK J. DE LUCA, Tenant.

Municipal Court of City of New York, Borough of Queens, August 31, 1944.

*Taks & Bishop* for landlord.

*Herman B. Zipser* for tenant.

SCILEPPI, J. This is a summary proceeding in which the landlord seeks to remove the tenant as a holdover, claiming she desires to occupy the premises for her own use.

The premises occupied by the tenant consist of five rooms, basement and garage at 51–57 Gorsline Street, Elmhurst, New York. The tenant has occupied these premises for approximately thirteen months. The current rental has been sixty dollars per month.

The landlord seeks to occupy the premises for her own use. This is one of the grounds for which a landlord may recover possession of premises under the Office of Price Administration's Rent Regulation for Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13914), if the court is satisfied that the landlord's application is made in good faith.

The preliminary notice of not less than ten days required by paragraph (1) of subdivision (d) of section 6 of the Office of Price Administration Regulation has been duly given to the tenant and to the area rent office. This proceeding came on for trial before me in the Second District Municipal Court

at Elmhurst on August 22, 1944. It appears that the landlord duly served a thirty-day notice on tenant demanding possession prior to the beginning of this proceeding.

The question before the court is whether the landlord is entitled to a final order granting her possession of the premises.

The court is satisfied that the landlord in this proceeding is seeking to recover the premises for her own use in good faith, and therefore grants the landlord a final order giving her possession.

The court is also satisfied, however, that the tenant has made diligent effort to obtain other living quarters for his wife and three children comparable to those he now occupies, without success. I believe the tenant is entitled to consideration under section 1436-a of the Civil Practice Act on the question of a stay in this proceeding.

The war has brought about many restrictions and regulations which have created a grave housing shortage in the greater city of New York as a whole and within the county of Queens. The court takes judicial notice of this housing shortage which definitely exists in this rental area.

The numerous holdover proceedings which the court has been called upon to determine indicate the graveness of the housing situation in this county. The housing shortage is reflected in a survey made and completed in December of 1943 for the Office of Price Administration in this area. This survey was based upon a sampling of representative housing accommodations throughout the city and the various boroughs thereof. It is an occupancy study which presents a serious housing picture in Queens County.

The following figures indicate the scarcity of apartments in Queens and greater New York. Taking the figures for greater New York first, apartments renting for less than $30 per month are 89.42% occupied. Apartments renting for $30 to $39.99 per month are 95.38% occupied. Apartments renting from $40 to $49.99 a month are 98.60% occupied. Those renting from $50 to $59.99 per month are 98.73% occupied. Those renting from $60 to $74.99 per month are 98.97% occupied. Those from $75 to $99.99 per month are 99.69% occupied. And apartments renting for $100 and over are 94.51% occupied.

In Queens County apartments renting under $30 per month are 98.96% occupied. Apartments renting from $30 to $39.99 per month are 91.08% occupied. Those renting from $40 to $49.99 per month are 99.46% occupied. Those renting from $50 to $59.99 per month are 99.82% occupied, and all apart-

ments renting from $60 to $100 per month and over according to this survey are 100% occupied.

Based on the above survey and the present conditions of the real estate rental market in Queens County, the court takes judicial notice of the housing shortage which exists in this county and therefore, while granting the landlord a final order it stays the execution of the warrant thereunder under section 1436-a of the Civil Practice Act until January 31, 1945, on condition that the tenant within five days after the service of a copy of the final order herein with notice of entry deposit in this court all past due rent unless the landlord agrees to accept the said rent without prejudice to this proceeding, and upon further condition that the tenant thereafter deposit in court or pay to the landlord as hereinabove stated the current monthly rental at the same rate within five days from the respective due dates during the period of the same.

Upon the failure of the tenant to make the said payments of rent as herein above specified then a warrant shall issue herein forthwith upon proof by affidavit of the tenant's default in payment.