SHELTON MANAGEMENT CORP., Landlord, Respondent, *v.* EDWARD ROSENKRANTZ et al., Tenants, Appellants.

Supreme Court, Appellate Term, First Department, March 2, 1945.

*Joseph Ratner* for appellants.

*Bennett I. Schlessel* for respondent.

*Maurice R. Whitebook, Chief Attorney,* Office of Price Administration, New York City Defense-Rental Area, for Chester W. Bowles, Price Administrator, *amicus curiæ.*

MEMORANDUM *Per Curiam.* The petition does not state facts conferring jurisdiction in this summary proceeding.

Under subdivision (a) of section 6 of the Office of Price Administration's Rent Regulation for Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13917) no case is made out for dispossessing a tenant from dwelling property on the ground that his term has expired or been terminated unless it appears on the face of. the petition not only that the term has ended but that the facts alleged bring the case within one of the exceptions in which eviction is permissible\*, here, for the first time disclosed on the trial, the violation of obligation of tenancy or committing nuisance. (See *Cannon* v. *Gordon,* 181 Misc. 950, leave to appeal to Appellate Division denied, N. Y. L. J., June 10, 1944, p. 2242, col. 4.)

In this instance while the landlord's petition pleaded the termination of a monthly tenancy by notice, on the trial, at which the tenants were not represented by attorney until after the witnesses had testified, the proof was directed to show that the tenants were objectionable within the meaning of subdivision 6 of section 1410 of the Civil Practice Act and the Office of Price Administration's Regulation; the ten-day notice prescribed by the Regulation was neither pleaded nor proved, and the tenancy was not terminated by service of the thirty days' notice required by section 232-a of the Real Property Law.

Further, on the evidence no case was made out against the appellants.

The final order should be reversed, with $30 costs, and the petition dismissed, with costs.

HAMMER, MCLAUGHLIN and EDER, JJ., concur.

Order reversed, etc.

---

\* See *Spire* v. *Doctor,* 183 Misc. 853; *McLaughlin* v. *De Luca,* 183 Misc. 894, and *Edison Sav. & Loan Assn.* v. *Stamberger,* 184 Misc. 52.— [REP.