ROSE GRAF, Landlord, *v.* GOLDIE MILLER, Tenant.

Municipal Court of the City of New York, Borough of Queens, September 26, 1952.

*Rose Graf,* landlord in person.

*Melvin Klein* for tenant.

MORRIS, J. This is a nonpayment proceeding in which the landlord is suing for two months' rent at $83 per month, payable monthly in advance on the 1st day of each month for the use and occupation of the premises. The tenant denies any

agreement to pay $83 per month for rent but admits an agreement to pay $74 per month. The facts insofar as being germane to the issues involved are as follows: The tenant and landlord made an agreement prior to August 31, 1952, to the effect that the tenant was to pay $74 per month for the premises with the understanding that the tenant might vacate the premises at any time. Prior to the trial of this proceeding and by order dated July 25, 1952, the local rent administrator increased the maximum rent from $83 to $85. Later and by order of the local rent administrator dated August 22, 1952, the maximum rent was reduced from $85 to $83 per month. The tenant received a copy of the order of July 25th prior to August 1, 1952.

The tenant's contention is that she is a monthly tenant for a calendar month; that the landlord was obliged as prescribed by section 232-a of the Real Property Law to serve a notice at least thirty days prior to the last day of the month notifying the tenant of said increase and demanding payment and that the landlord served no such notice. The tenant relies on *Acierno* v. *Kutchuk* (196 Misc. 514). This case holds that the order of the Housing Expediter dated June 22, 1949, cannot be given retroactive effect since no thirty days' notice of increase was given the tenant and cites *A & S Constr. Co.* v. *Brock* (201 App. Div. 584 [decided June 9, 1922]). *A & S Constr. Co.* v. *Brock* holds that a construction of chapter 209 of the Laws of 1920 and sections 5 and 6 of chapter 944 of the Laws of 1920 leads to the conclusion that a tenant whose possession is protected by the September rent laws of 1920 cannot be removed in any manner even by increase in rent without thirty days' notice. The decision in the *A & S Construction* case (*supra*) was based on the language of chapter 209 of the Laws of 1920, and as stated at page 585: "that the tenant should not be removed 'from any lands or buildings' unless a thirty days' notice of his intention to terminate the tenancy was given by the landlord in the manner therein prescribed. As a consequence of these laws a monthly tenant or a tenant from month to month was secure in the possession of the premises for another month unless he received thirty days' notice to quit." A case sometimes referred to by attorneys for tenants as to the necessity of serving a thirty days' notice is *Earl Holding Corp.* v. *Glicker* (199 Misc. 223). In that case for a period of seventeen months the landlord permitted the tenant to remain in possession of *business* space without demanding payment

of accrued rent. The court held that the landlord was properly awarded possession based on nonpayment of rent for the *17th month only* in view of the fact that the landlord having elected to renew the monthly tenancy at the beginning of any month, it could not dispossess for nonpayment of rent for a prior month. The *Earl Holding Corporation* case (*supra*) cites *Printerion-Realty Corp.* v. *Fischer-Partelow, Inc.* (167 Misc. 452). In the *Printerion* case the tenant was originally a tenant under a five-year lease. That lease was extended for one year. Before the expiration of the one-year lease the landlord elected to make the tenant a monthly tenant at the same monthly rental as under the lease. The court held in view of the above facts that dispossession could only be had for default in payment of rent due under the monthly tenancy.

In *Riggs* v. *Palmer* (115 N. Y. 506, 509) the Court of Appeals made the well-known statement, which is particularly applicable here: " It is a familiar canon of construction that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers. The writers of laws do not always express their intention perfectly, but either exceed it or fall short of it, so that judges are to collect it from probable or rational conjectures only, and this is called rational interpretation." As stated in *Chittenden Lumber Co.* v. *Silberblatt & Lasker, Inc.* (288 N. Y. 396, 402), " In construing a statute ' Adherence to the letter will not be suffered to " defeat the general purpose and manifest policy intended to be promoted." ' [Citing cases]." And at page 403, " Here ' * * * we view the parts of the statute without reference to verbal niceties, but rather in their logical relation as means directed to an end.' "

Perhaps we may assume that a Justice of the Municipal Court may attempt to rationally interpret chapter 250 of the Laws of 1950 and the amendments thereto and the rules and regulations adopted by the Rent Administrator as they apply to residences. Under the rent statutes of 1920 as they applied to residential property a landlord might increase a tenant's rent by serving a thirty days' notice. Under the present rent statutes and the rules and regulations of the Rent Administrator the rent, even where a written lease is in existence may be decreased by an order of the local rent administrator. Under the present statutes, where the landlord is required to register his property,

the Rent Administrator determines on application of the tenant or the landlord, whether the rent should be reduced or increased. We have the distinction under present law of controlled and decontrolled property which did not exist under the statutes of 1920. Every question of increase or decrease in rent may be resolved by the Rent Administrator where the statute or the rules and regulations give him control. No landlord today may, upon a thirty days' notice from him, increase a tenant's rent. Attempting to rationally interpret chapter 250 of the Laws of 1950 and its amendments, the rules and regulations adopted by the Rent Administrator in the light of the decision in *Stern* v. *Equitable Trust Co.* (238 N. Y. 267, decided May 20, 1924), the court is of the opinion that: Whether a tenant is an occupant under a written lease or a tenant for a year under an oral lease or a tenant for a month, or a monthly tenant, when his term expires he becomes a statutory tenant. In this court's opinion a careful reading of *Stern* v. *Equitable Trust Co.* (*supra*), the existing rent laws and the rules and regulations can lead to no other rational conclusion.

The increase in the instant case was not made by the landlord. The increase was the result of power conferred by the Legislature by statute upon the Rent Administrator. The increase in the maximum rent was made by an order by virtue of an existing statute. The court is bound by the order, the landlord is bound by the order and certainly the tenant is bound by the order received prior to August 1, 1952. She had notice of the hearing, attended the hearing and received notice of the increase before the August 1, 1952, rent became due. Under the statute the maximum rent was fixed as of July 25, 1952. The tenant had her remedy under the statute. She could have appealed from the order or moved out before August 1, 1952. In the court's opinion notice such as the tenant received for an increase in rent is equivalent to a written notice from the landlord, that if the tenant remains in possession the maximum rent is the amount fixed by the local rent administrator in any order to be issued pursuant to statute. There is nothing in the present statute or the rules and regulations as promulgated under the statute requiring the landlord to give thirty days' notice to the tenant that the tenant must pay the increased rent as fixed by such an order or surrender the premises. It has been held by the Appellate Term, Second Department (*Beirne* v. *Mooney,* N. Y. L. J., June 10, 1947, p. 2290, col. 6) that a proceeding to regain possession of premises of which the tenant

was notified in writing is equivalent to notice that the landlord would not renew the lease.

The Court of Appeals in *People ex rel. Durham Realty Corp.* v. *La Fetra* (230 N. Y. 429) held that the Legislature may repeal or suspend in whole or in part the remedy of summary proceedings for the possession of real property provided by the Code of Civil Procedure and that the effect of chapter 942 of the Laws of 1920 is temporarily to deprive the landlord of the summary remedy given by statute except in certain cases. The term of a monthly tenant, or a month-to-month tenant expires at the end of each term. He becomes a statutory tenant (*Stern* v. *Equitable Trust Co., supra*). As such he is protected by chapter 250 of the Laws of 1950 and as amended. That statute and the decision just cited suspend section 232-a of the Real Property Law and have for the period therein prescribed eliminated holdover tenancies. As stated in *Whitmarsh* v. *Farnell* (273 App. Div. 584, 586, revd. 298 N. Y. 336): "A statutory tenant is not a month to month tenant so as to require service of a thirty days' notice to terminate his tenancy (*1239 Madison Avenue Corporation* v. *Neuburger,* 208 App. Div. 87; *Lewittes & Sons* v. *Spielmann,* 190 Misc. 35 [App. Term, 1st Dept.]; *Sheldon Bldg. Corp.* v. *Baggett,* 188 Misc. 709 [App. Term, 2d Dept.])."

Under the present statute the landlord may not increase the maximum rent without an application to the local rent office properly made with notice to the tenant by the local rent administrator and the order based on such application. Unless such order is amended or reversed on appeal or on a rehearing it is binding on all the parties. Such fixation of maximum rent to be paid by the tenant as rent during such occupation is a legislative act delegated by the Legislature to an administrative agency (*Wasservogel* v. *Meyerowitz,* 300 N. Y. 125). Section 232-a of the Real Property Law is to the effect that "No monthly tenant, or tenant from month to month, shall hereafter be removed * * * on the grounds of holding over his term" unless thirty days before the expiration of the term a notice in writing is served on the tenant to the effect that the landlord elects to terminate his tenancy. It must be borne in mind that prior to the enactment of section 232-a of the Real Property Law, at the expiration of the term of a monthly tenant or a tenant from month to month the landlord might start dispossess proceedings without any notice of any character. The landlord had that right because the beginning of each new

month was the beginning of another term and the end of that month was the end of that term. Section 232-a of the Real Property Law was enacted solely for the benefit of tenants so that a tenant might not be dispossessed without some reasonable notice at the end of any one month. In view of the reasons for the enactment of section 232-a of the Real Property Law it is hard to understand why distinctions are made as to what constitutes a holdover tenant between a lease in writing, an oral lease for a year or a lease that terminates at the end of any one month. The instant case is a proceeding for rent as fixed by an order of the Rent Administrator after notice by him to all the parties. As long as the tenant pays rent under existing law the landlord may not elect to terminate the tenancy except in certain cases.

On the court's motion the pleadings are amended to conform to the proof. The court finds on the facts and the law that the tenant is a statutory tenant and that the maximum rent for each month beginning August 1, 1952, is $83 per month. Final order and judgment for the landlord in the sum of $166. Five days' stay of execution.