OPINION OF THE COURT
George M. Fleary, J.
This is a motion by the petitioner landlord for an order to enter final judgment herein and to accelerate the warrant of eviction "forthwith.”
On or about July 1, 1978, respondent tenant and petitioner landlord entered into a lease for apartment 5G at premises 2632 West 2nd Street, Brooklyn, New York. The lease was to commence July 1, 1978, and to end June 30, 1980. On or about October 19, 1978, petitioner commenced a nonpayment summary proceeding to recover the balance of rent for August, 1978, in the amount of $87.50, and the rent for September and *825 October, 1978, each in the amount of $175. The total allegedly due and owing was therefore $437.50.
The matter was adjourned several times and on November 15, 1978, the case appeared before a Housing Judge of this court. Petitioner appeared with its attorney and the respondent appeared pro se. At that time, a purported stipulation was executed between the parties converting the nonpayment action into a holdover proceeding. The record indicates that an interpreter was present. As part of the stipulation converting the nonpayment summary proceeding into a holdover, use and occupation was provided at the rate of $175 per month.
Petitioner landlord now seeks to accelerate the warrant of eviction and obtain a judgment evicting the tenant herein "forthwith” because the tenant did not comply with the stipulated use and occupancy.
The question to be presented before the bar is: May parties in a landlord-tenant proceeding convert a nonpayment summary proceeding into a holdover proceeding, relying on the service of process based on the original petition and notice of petition for nonpayment?
This court holds such action to be illegal since notice was never served upon the tenant herein as required by law.
Subdivision 1 of section 711 of the Real Property Actions and Proceedings Law provides the grounds where a landlord-tenant relationship exists. The landlord must terminate tenancy by notice before instituting summary proceedings (89-09 Sutphin Corp. v Scarinzi, 187 Misc 536).
Admittedly, proper service was made upon this tenant in the original proceeding which demanded eviction because of nonpayment of rent. It is interesting to note that the stipulation states that tenant waived any additional notice; however, the said stipulation also indicates that the learned Housing Court Judge utilized the services of an interpreter. Nowhere in the stipulation is there evidence that the within tenant was interrogated as to whether or not he knew what notice was and whether he knowingly waived same.
Section 232-a of the Real Property Law provides for notice to terminate a tenancy. It requires that where, in the City of New York, the landlord seeks to evict a tenant on the ground of holding over his term of tenancy, there shall be served upon said tenant a notice stating the grounds upon which said termination is based. The said notice is to be served at least *826 30 days before the expiration of the term. Said notice must be served in the same manner in which a notice of petition is now served by law.
The final order in a summary proceeding for eviction was not merely erroneous: it was void for lack of jurisdiction where the 30-day notice prescribed by this section was not given (Esposito v Wetzel, 196 Misc 246).
Where, in spite of allegations to the contrary, a tenancy was not terminated by the notice required by this section, the court had no jurisdiction of a proceeding to recover possession (Shelton Mgt. Corp. v Rosenkrantz, 184 Misc 355; see, also, Riesenfeld, Inc. v R-WRealty Co., 223 App Div 140, 145).
Initially, actions to recover possession were actions in ejectment only, whereby the landowner could recover possession of the property but no money judgment. By degrees, the remedy has been extended by statute whereby money judgments are now within the range of our remedial procedure. They are still statutory proceedings where the prosecution of which all the requirements of the statute must be met (see a history of this procedure in Maxwell v Simons, 77 Misc 2d 184, 186).
The landlord herein is not being prejudiced since the court, on its own motion, will permit the landlord to petition this court to update the alleged arrears under its original nonpayment summary petition upon proper service on the tenant of all applications to amend the same.
Accordingly, the stipulation converting the nonpayment proceeding into a holdover proceeding is hereby vacated and the motion to accelerate is denied.