OPINION OF THE COURT

Per Curiam.

Final judgment entered June 20, 1980 reversed and petition dismissed, without costs.
Tenant took possession of subject apartment in December, 1942, allegedly as a month-to-month tenant, never having entered into a lease with the then owner of the premises. As a result of an altercation with the petitioner landlord, this holdover proceeding was commenced by a notice of petition and petition dated November 20, 1979. The petition alleges that “the respondent’s term expired [on October 31] by reason of the assault by the respondent *115 upon the petitioner for which he was convicted in the Criminal Court, New York County on November 1, 1979.” The petition does not allege service of a notice to terminate the tenancy, but annexed to the notice of petition is a notice served on the tenant by conspicuous place service and mail on October 15, 1979, pursuant to sections 52 and 53 (subd d, par [1]) of the Rent and Eviction Regulations of the City of New York.
It is not disputed that the tenant assaulted the landlord during a dispute over whether the landlord had shortchanged the tenant when he paid his rent in cash. Upon receiving his change, tenant went to his own apartment, calculated that he had been shortchanged by $10 and returned to the landlord’s premises with a butcher knife concealed in a newspaper. During the ensuing argument, the landlord was slashed with the knife, after which he was taken to the hospital for treatment and the tenant was arrested. In Criminal Court proceedings, tenant pleaded guilty to the offense of harassment and received a conditional discharge.
In proceeding to evict the tenant pursuant to subdivision b of section 52 of the Rent and Eviction Regulations of the City of New York , the landlord based the eviction not on a “nuisance” as tenant argued both at trial and on appeal, but on that part of subdivision b which deals with “conduct [is] such as to interfere substantially with the comfort and safety of the landlord”. The cases cited in tenant’s brief for the proposition that an isolated incident will not support an eviction for “nuisance” are inapplicable.
The basic issue on which this appeal turns is whether proper notice of termination of the tenancy was given to confer jurisdiction on the court. Numerous cases have been cited in the briefs which shed little light on the issue at hand, i.e., whether the tenant, in possession on a month-to-month basis at the time rent control was instituted, became a statutory tenant, only entitled to a 10-day notice of eviction, or remained a month-to-month tenant protected by the requirement in section 232-a of the Real Property Law of a 30-day notice of termination.
Landlord relied upon Graf v Miller (202 Misc 887) to *116 support his position that any distinction between a tenant holding over month to month and a tenant holding under a lease has been extinguished by the rent control laws. This is a simplification of the rule laid down in that case. The pertinent language is as follows (p 890): “Whether a tenant is an occupant under a written lease or a tenant for a year under an oral lease or a tenant for a month, or a monthly tenant, when his term expires he becomes a statutory tenant. In this court’s opinion a careful reading of Stern v. Equitable Trust Co. [238 NY 267] (supra), the existing rent laws and the rules and regulations can lead to no other rational conclusion” (emphasis added).
The key words in the Graf v Miller (supra) decision are “when his term expires”. There is no difficulty in applying the word “statutory” to a tenant whose lease has expired, and who continues in possession under the protection of the rent laws. In the case at bar, however, the month-to-month tenancy of the respondent could not be effectively terminated without the proper notice provided by statute.
Section 232-a of the Real Property Law prescribes the notice to terminate monthly tenancy or tenancy from month to month in the City of New York. It states: “No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.”
The statute originally enacted in 1939 was amended in 1962, effective September 1,1963. An historical note indicates that the 1962 amendment merely substituted “notice of petition” for “precept”. It was derived from chapter 209 of the Laws of 1920.
*117 In A. & S. Constr. Co. v Brock (201 App Div 584), the issue presented was whether a landlord could increase the rent of a tenant whose tenure is protected by the Rent Laws of 1920 without giving 30 days’ notice that the tenant must surrender or pay the increased rent. Citing the predecessor statute to section 232-a of the Real Property Law, the court held (pp 585-586): “As a consequence of these laws a monthly tenant or a tenant from month to month was secure in the possession of the premises for another month unless he received thirty days’ notice to quit.”
Rasch (1 New York Landlord & Tenant, Summary Proceedings [2d ed], § 284) cites A. & S. Constr. Co. v Brock (supra) as authority for the distinction between a month-to-month and a statutory tenant. “A month-to-month tenant does not become a statutory tenant during the period of an emergency rent law, since he is not continuing in possession after the expiration of a definite term fixed in an agreement of lease. In this situation a month-to-month tenant continues as such, and is entitled to the statutory thirty-day notice of termination of tenancy.”
Since summary proceedings are statutory, there must be strict compliance with the statutory requirements (28 Mott St. Co. v Summit Import Corp., 64 Misc 2d 861, 863). “Where * * * a tenancy was not terminated by the notice required by this section [Real Property Law, § 232-a], the court has no jurisdiction of a proceeding to recover possession (Shelton Mgt. Corp. v Rosenkrantz, 184 Misc 355; see, also, Riesenfeld, Inc. v R-W Realty Co., 223 App Div 140, 145.” (Beach Haven Apts. No. 4 v Volf, 97 Misc 2d 824, 826; see, also, Margolies v Lawrence, 67 Misc 2d 468, 469.)
It appears, moreover, that having brought this holdover proceeding pursuant to section 52 of the Rent and Eviction Regulations of the City of New York, landlord would be required to comply with the notice provisions contained in section 53 (subd d, par [1]), by serving a 10-day notice in addition to the 30-day notice of termination pursuant to section 232-a of the Real Property Law.
Concur: Tierney, J. P., Riccobono and Asch, JJ.