OPINION OF THE COURT
David B. Saxe, J.
This landlord-tenant eviction proceeding presents the following novel issue for resolution: Is a landlord who seeks to evict a statutory tenant under the Rent Control Law (Administrative Code of City of New York, § Y51-1.0 et seq.) pursuant to section 52 of the Rent and Eviction Regulations of the City of New York (Rent and Eviction Regulations) for breach of a substantial obligation of the tenancy (i.e., subletting) required to serve a notice of termination in the manner provided by section 232-a of the Real Property Law? Section 232-a of the Real Property Law requires a landlord to serve a notice of termination seeking to terminate a monthly tenancy or a tenancy from month to month at the expiration of the applicable monthly term, upon the tenant at least 30 days prior to that time.
Here, the landlord’s notice dated December 17, 1981 sought to end the tenant’s estate on January 18,1982. The tenant however argues that since he pays rent, in advance, *910 on the first of each month, he was a month-to-month tenant and the notice should have terminated his tenancy at the end of a term (Jan. 31,1982). Since the notice failed to do this, the tenant contends in his motion to dismiss, that the petition is defective and must be dismissed.
Is the tenant’s position correct? I hold that it is not. The motion is denied.
Section 232-a of the Real Property Law is not applicable to these facts because the tenant is neither a monthly tenant nor a tenant from month to month. Instead, the tenant is a statutory tenant and as such only sections 52 and 53 of the Rent and Eviction Regulations govern the resolution of the question regarding the effectiveness of the notice served.
A statutory tenant is one who continues in possession after the expiration of a lease by virtue of emergency rent laws. (See Rasch, New York Landlord and Tenant, § 1065.) Here, it appears that the respondent was a tenant under a lease at the time when the rent control laws were enacted. As a result of this legislation, he acquired the right to remain in possession after his lease expired. The respondent is therefore a statutory tenant. The termination of this type of tenancy is not covered by section 232-a of the Real Property Law and, therefore, any deviation in the notice to terminate served here, from the requirements of section 232-a of the Real Property Law is irrelevant. (Whitmarsh v Farnell, 298 NY 336, 343.)
A statutory rent controlled tenancy should be differentiated from a month-to-month (rent controlled) tenancy, since in the latter case compliance with section 232-a of the Real Property Law is mandated. (Stribula v Wien, 107 Misc 2d 115 [App Term, 1st Dept]; see, also, Rasch, New York Landlord and Tenant, § 1065.) A month-to-month tenant who is protected by the rent control laws is one who was in possession on a month-to-month basis, without the benefit of a lease, at the time that the rent control laws were enacted. Such a tenant’s term is viewed as one of indefinite duration. (A. & S. Constr. Co. v Brock, 201 App Div 584.) The status of such a tenant is not that of a statutory tenant because, by definition, he is not continuing in possession *911 after the expiration of a definite term fixed in a lease (Stribula v Wien, supra, p 117). Accordingly, a notice pursuant to section 232-a of the Real Property Law is required to terminate this leasehold interest.
Although a statutory rent control tenancy and a nonstatutory rent control month-to-month tenancy appear to be essentially similar, section 232-a of the Real Property Law applies only to monthly tenancies and tenancies from month to month. It is reasonable to assume that if the Legislature had intended to include statutory tenancies within that section, it would have done so explicitly (see McKinney’s Cons Laws of NY, Book 1, Statutes, §§73, 240).
The 10-day notice of cure dated November 11, 1981 served upon the tenant was proper despite respondent’s contention that it purported to be both a notice to cure and a notice of termination. (Rent and Eviction Regulations of City of New York, § 52.) The petitioner also served a proper 30-day notice to terminate (Rent and Eviction Regulations, § 53, subd d, par [2]) which purported to end the respondent’s tenancy as of January 18, 1982. The notice was valid. Section 53 (subd d, par [2]) of the Rent and Eviction Regulations does not contain a provision similar to that in section 232-a of the Real Property Law where a tenancy must be terminated only at the end of a monthly term. Therefore, the fact that the notice had the effect of terminating the tenancy in the middle of a month does not make the notice defective.
Since summary proceedings are statutory, there must be strict compliance with statutory requirements. (See 28 Mott St. Co. v Summit Import Corp., 64 Misc 2d 860, 863.) Those have been met here.
The tenant does not contend, at this juncture, that it paid and the landlord accepted the December rent. If so, the landlord might have waived its objections for at least the term that it accepted rent. (Galluccio v Moscatiello, 74 NYS2d 897 [App Term, 1st Dept].)
The respondent’s motion is denied.