*217 OPINION OF THE COURT
Alice Schlesinger, J.
Petitioner has moved for summary judgment in this nonprimary residence proceeding. Respondent has opposed the motion, and has cross-moved to dismiss pursuant to CPLR 3211 (a) (1), (2) and (7) based on the allegedly invalid "Notice of Termination”. On the authority of Siegel v Kentucky Fried Chicken (108 AD2d 218 [2d Dept 1985], affd 67 NY2d 792) and for the reasons stated below, respondent’s motion to dismiss is granted, and petitioner’s motion for summary judgment is denied as moot.
The "Notice of Termination” at issue here is a one-page document addressed to John Coe as tenant of the subject premises. The notice is dated November 22, 1985, and states that respondent’s tenancy is terminated effective December 31, 1981 for the reason that respondent is not occupying the premises as his primary residence. (The 1981 date is an apparent typographical error.) The notice further provides that, unless respondent vacates the premises by December 31, 1985, the landlord will commence a summary proceeding to recover possession of the premises.
Petitioner’s name is typed at the bottom of the notice, but her signature does not appear anywhere on the document. Instead, the notice of termination is signed by Kenneth L. Classman, Esq., attorney for landlord. This notice is the only notice which was sent to respondent in connection with this proceeding before process was served.
Because respondent is a month-to-month rent-controlled tenant, he is entitled to a 30-day notice of termination pursuant to Real Property Law § 232-a and he is also entitled to any notice required by the rent control laws and regulations. (See, Stribula v Wien, 107 Misc 2d 114, 117 [App Term, 1st Dept 1980].) In particular here, respondent is entitled to 30 days’ notice of the landlord’s intention to commence a summary proceeding based on nonprimary residence. (New York City Rent and Rehabilitation Law § Y51-3.0 [e] [2] [i] [10] [Administrative Code of City of New York, ch 51, tit Y]; hereafter Rent Law.)
Respondent does not object to the combination of the two notices into one document, or to the content of the notice provided. Rather, he relies on Kentucky Fried Chicken (supra) to assert that the notice is ineffective because it is signed by *218 the attorney rather than the landlord without any proof of his authority to do so.
Petitioner contends in opposition that Kentucky Fried Chicken (supra) is inapposite because it applies only to tenancies pursuant to a lease. The parties agree that the tenant in this case never had a lease. Petitioner further asserts that, unlike the specific language in the Kentucky Fried Chicken lease, the broad language of Real Property Law § 232-a permits an attorney acting as the landlord’s agent to sign a notice of termination. In support of this claim petitioner cites Dubois & Son v Goldsmith Bros. (273 App Div 306 [1st Dept 1948]) and Katz v Okpaku (NYLJ, Nov. 25, 1981, p 11, col 1 [App Term, 1st Dept]).
The court finds that Kentucky Fried Chicken (supra) is applicable to the case at bar. Neither the Court of Appeals nor the Appellate Division limited their holding to cases involving leases. Quite the contrary, both courts focused on the language which governed the notice requirements rather than on the document in which the language appeared.
That is, the court observed that the provision governing a notice of default referred only to the " 'Landlord serving a * * * notice upon Tenant,’ ” whereas other provisions referred to the " 'Landlord or Landlord’s agent’ ”. (Siegel v Kentucky Fried Chicken, 67 NY2d 792, 793, supra.) Based on this distinction, the court held that the notice of default, signed not by the owner but by an attorney with whom the tenant had never previously dealt and unaccompanied by proof of his authority to bind the landlord, was not legally sufficient. Thus, no rational reason exists for differentiating between statutory notices and lease notices when applying Kentucky Fried Chicken so long as the language in the statute is similar to that in the lease.
In the case at bar, petitioner correctly notes that Real Property Law § 232-a provides that "the landlord or his agent” may serve the notice of termination on the tenant. Also, the two cases cited by petitioner do hold that section 232-a notices may be signed by the landlord’s attorney, although at least part of the Katz court’s reasoning has apparently been overruled by Kentucky Fried Chicken (supra). Thus, the notice of termination at issue here would appear at first glance to be valid under Kentucky Fried Chicken in light of the broad language in the statute.
The inquiry does not stop here, however, because as noted *219 above, respondent is also entitled to a notice of the landlord’s intention to commence a nonprimary residence proceeding. (Rent Law § Y51-3.0 [e] [2] [i] [10].) The Rent Law expressly provides that: "No action or proceeding shall be commenced seeking to recover possession on the ground that a housing accommodation is not occupied by the tenant as his primary residence unless the owner or lessor shall have given thirty days notice to the tenant of his intention to commence such action or proceeding on such grounds” (Rent Law § Y51-3.0 [e] [2] [i] [10]; emphasis added).
In sharp contrast to Real Property Law § 232-a, the above-quoted Rent Law which governs notice in nonprimary residence proceedings requires notice emanating only from the "owner or lessor”. Thus, the aforementioned cases cited by petitioner are readily distinguishable from the case at bar, and Kentucky Fried Chicken (supra) is directly applicable to the nonprimary residence aspect of the notice.
The rationale of Kentucky Fried Chicken (108 AD2d 218, affd 67 NY2d 792, supra) is also particularly applicable to this case, where the respondent’s rent-controlled apartment is at stake. When his right to remain in the apartment is being threatened, the "tenant is * * * entitled to know 'with safety’ * * * whether the notice to terminate emanates from a person with the requisite authority, for if he acts upon such notice to vacate the premises, he may later be found to have acted at his peril” (108 AD2d, at p 222, quoting Reeder v Sayre, 70 NY 180, 187-188 [1877]).
In the case at bar, the notice failed to provide respondent with the surety to which he was statutorily entitled. Petitioner makes no claim that respondent knew the attorney who signed the notice. Nor is it sufficient that the attorney typed the landlord’s name on the notice. Such an extrajudicial declaration of agency is generally insufficient to bind the landlord, and certainly is insufficient to create authority in the attorney if it does not exist. (Siegel v Kentucky Fried Chicken, supra.)
At any rate, the tenant should not be subject to the risk where the rent control statute is worded to obviate the problem by requiring a notice emanating directly from the "owner or lessor”. (Siegel v Kentucky Fried Chicken, 108 AD2d 218, 222-223, supra.)
For these reasons, the "Notice of Termination” signed by petitioner’s attorney and unaccompanied by proof of the attor *220 ney’s authority to bind the landlord in the giving of such notice is legally insufficient under section Y51-3.0 (e) (2) (i) (10) and Kentucky Fried Chicken (supra) to notify the tenant of the landlord’s intent to commence this nonprimary residence proceeding. Accordingly, the proceeding is dismissed. The case is restored to the Part 18 Trial Calendar for June 23, 1986 for a hearing before any presiding Judge on the issue of attorney’s fees.