| |
|---|
| **260 Riverside Corp. v Sune** |
| 2025 NY Slip Op 34017(U) |
| October 29, 2025 |
| Civil Court of the City of New York, New York County |
| Docket Number: Index No. L&T 322876/24 |
| Judge: Clinton J. Guthrie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
----------------------------------------------------------------X
260 RIVERSIDE CORP.,

                                      Index No. L&T 322876/24

                    Petitioner,

          -against-                             **DECISION/ORDER**

ANTHONY SUNE a/k/a ANTONIO SUNE, MARY
SUNE, BRUCE D. GILBERT, BETHANY
GILBERT, RYAN C. GILBERT, "JOHN DOE",
"JANE DOE",

                    Respondents.
----------------------------------------------------------------X

Present:

        Hon. CLINTON J. GUTHRIE
             Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of petitioner's motion for discovery pursuant to CPLR §§ 408 and 3101 (seq. 1) and respondent Mary Sune's cross-motion to dismiss (seq. 2):

| Papers | Numbered |
|---|---|
| Notice of Motion & All Documents Annexed…………….......  | 1 (NYSCEF #7-16) |
| Notice of Cross-Motion & All Documents Annexed……………. | 2 (NYSCEF #18-21) |
| Reply Affirmation……………………………………….......  | 3 (NYSCEF #24) |

Upon the foregoing cited papers, the decision and order on petitioner's motion <u>and</u> respondent's

cross-motion, consolidated for determination herein, is as follows.

PROCEDURAL HISTORY

      This summary holdover proceeding, based upon a Thirty (30) Day Notice of Termination

(hereinafter "30-Day Notice") dated September 30, 2024, was filed in December 2024.  Counsel

appeared for respondent Bruce D. Gilbert in February 2025 and filed an answer.  Subsequently,

1

[* 1]

in April 2025, respondents Anthony Sune and Mary Sune appeared through counsel (different from the counsel for Bruce D. Gilbert). At the same time, petitioner made a motion seeking discovery from Anthony Sune, Mary Sune, and Bruce D. Gilbert. Respondent Mary Sune made a cross-motion to dismiss in May 2025. After briefing, this court heard argument on both motions on July 31, 2025.

DISCUSSION/CONCLUSION

I.      Cross-Motion to Dismiss

The court will first address Mary Sune's cross-motion to dismiss, as it may render petitioner's motion for discovery moot (*see Datta v Terrapin Indus., LLC*, 2011 NY Slip Op 33562[U] [Civ Ct, Queens County 2011]). Petitioner opposes dismissal in all respects. Mary Sune first seeks dismissal upon showing that Anthony Sune a/k/a Antonio Sune, a named respondent, died before the commencement of this proceeding. Annexed to the motion is a NYS Department of State certified death certificate for Anthony M. Sune, showing the date of death as September 22, 2024. Petitioner does not meaningfully dispute this. As this case was filed on December 31, 2024, the case was void from its inception as against Anthony Sune (*see Marte v Graber*, 58 AD3d 1, 3 [1st Dept 2008]; *Jordan v City of New York*, 23 AD3d 436, 437 [2d Dept 2005] ["A party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate."]). Therefore, the case is dismissed as to Anthony Sune a/k/a Antonio Sune, over whom the court lacks jurisdiction (*see One 56 St. Corp. v Fagan*, 235 AD3d 453, 453 [1st Dept 2025]).[1] While Mary Sune seeks

---

[1]     Substitution of Anthony Sune's estate is not relevant or warranted here, as CPLR §§ 1015(a) and 1021 do not apply unless a party dies during the pendency of an action or proceeding (*see Sokoloff v Schorr*, 176 AD3d 120, 134 [2d Dept 2019]).

2

[* 2]

dismissal of the entire proceeding because of the naming of Anthony Sune as a respondent, the proceeding is a nullity only against him (*see Jordan*, 23 AD3d at 437; *see also Hussain v Chain*, 217 AD3d 929, 930-931 [2d Dept 2023] [Defendants' deaths prior to commencement "rendered the action, *insofar as asserted against them*, a legal nullity from its inception."] [Emphasis added]).  As Mary Sune is alleged to be an independent tenant of record, petitioner's claims against her and the undertenants are not jurisdictionally affected by Anthony Sune's death.

Mary Sune also seeks dismissal on the basis that the petition is contradictory insofar as it refers to the subject premises being subject to the "Rent Control Law of the City of New York," while also citing to 9 NYCRR § 2200.2(f)(18), which provides that rent control coverage does not apply where the unit is not used as the tenant's primary residence.  Upon due consideration, the court does not find the seemingly contradictory references regarding rent control render the petition defective.  It is well established that a petition must plead the rent regulatory status of the subject premises (*see 546 W. 156th St. HDFC v Smalls*, 43 AD3d 7, 11 [1st Dept 2007]; *Volunteers of Am.-Greater N.Y., Inc. v Almonte*, 17 Misc 3d 57, 59 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], *affd* 65 AD3d 1155 [2d Dept 2009]).  Thus, it was proper for petitioner to allege that the subject premises was subject to the Rent Control Law.  As for the reference to 9 NYCRR § 2200.2(f)(18) in the 30-Day Notice, this provision is found in the definition section of the Rent and Eviction Regulations and exempts housing accommodations not occupied as a primary residence by the tenant from rent control.  However, pursuant to Section 26-403(e)(10) of the City Rent and Rehabilitation Law (NYC Admin. Code § 26-403(e)(10)), which is also cited in the 30-Day Notice, the determination of whether a tenant is not occupying the housing accommodation as a primary residence must be made "by a court of competent jurisdiction" (*see*

3

[* 3]

*456, LLC v Wagstaff*, 82 Misc 3d 132[A], 2024 NY Slip Op 50564[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). Accordingly, a unit may only become exempted from rent control once a court makes a determination of non-primary residence. Thus, the references in the petition and 30-Day Notice are coherent when considered in pari materia, inasmuch as rent control is the regulatory framework governing the premises, while an exemption may exist based on non-primary residence, subject to a determination by the court. Thus, the court does not find the petition to be defective as a matter of law.

Finally, Mary Sune seeks dismissal on the basis that a 90-day notice should have been served on respondents pursuant to the amended version of Real Property Law (RPL) § 232-a and RPL § 226-c. Under NYC Admin. Code § 26-403(e)(10), a 30-day notice is required before a landlord may commence a proceeding based on non-primary residence. The issue, therefore, is whether the lengthier notices required under the Real Property Law if a month-to-month tenancy exceeds one or two years must be served in this context. The amended version of RPL § 232-a, which became effective on October 12, 2019, states in relevant part,

> "No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over the tenant's term unless pursuant to the notice period required by subdivision two of section two hundred twenty-six-c of this article . . . the landlord or the landlord's agent serve upon the tenant . . . a notice in writing to the effect that the landlord elects to terminate the tenancy and unless the tenant removes from such premises on the day designated in the notice, the landlord will commence summary proceedings under the statute to remove such tenant therefrom."

Real Property Law § 226-c governs notices of renewal of leases with rent increases of 5% or more and non-renewal of leases, and requires the notices to be for the "cumulative amount of time the tenant has occupied the residence or the length of the tenancy in each lease, whichever is longer." For tenancies of less than one year, a thirty-day notice is required; for

4

[* 4]

tenancies/leases of at least one year but less than two years, a sixty-day notice is required; for tenancies/leases of at least two years, a ninety-day notice is required (RPL § 226-c(2)).

The petition here states that respondents Anthony Sune and Mary Sune "entered into possession under an oral agreement and continued therein on a month-to-month basis pursuant to the Rent Evictions Law of New York City" (Petition, ¶ 3). Thus, respondents are alleged to be month-to-month tenants, albeit ones subject to rent control. A rent control tenancy does not require a lease because it exists "by operation of law." (*Matter of Duell v Condon*, 84 NY2d 773, 779 [1995]; *see also 170 Spring St. LLC v "Jane Doe"*, 76 Misc 3d 138[A], 2022 NY Slip Op 51031[U] [App Term, 1st Dept 2022]). Thus, a month-to-month tenancy is not technically incompatible with rent control (*see Stribula v Wien*, 107 Misc 2d 114, 116-117 [App Term, 1st Dept 1980]). However, the tenancy is nonetheless only terminable pursuant to one of the grounds permissible under the governing law and regulations (*see Braschi v Stahl Assocs. Co.*, 74 NY2d 201, 209 [1989]).

Having pleaded that respondents' tenancy was month-to-month, albeit one subject to rent control, the question then is whether the notice required for the termination of a month-to-month tenancy in New York City codified in the Real Property Law is a necessary predicate *in addition to* the 30-day notice required by NYC Admin. Code § 26-403(e)(10). Mary Sune states in her affidavit annexed to the cross-motion that she and Anthony Sune moved into the subject premises in 1982. Petitioner does not challenge this assertion in any meaningful way. Thus, under RPL §§ 232-a and 226-c(2), respondents would have been entitled to a 90-day notice of termination if those statutes are applicable here. Petitioner argues that rent controlled tenancies and more garden-variety month-to-month tenancies are different "species," such that the statute

5

[* 5]

governing the latter should not apply to the former.[2]

Most of the caselaw discussing this issue in any meaningful way is now decades (and in one case, over a century) old. In *Stribula*, the Appellate Term, First Department held that a tenant who entered into possession as a month-to-month tenant before the time that rent control was instituted remained a month-to-month tenant who was entitled to a 30-day notice under the version of RPL § 232-a then in effect, as well as a 10-day notice required by the relevant sections of the Rent and Eviction Regulations of the City of New York (*see Stribula*, 107 Misc 2d at 117).[3] The court in *Stribula* relied heavily on *A & S Constr. Co. v Brock*, 201 AD 584 [2d Dept 1920], wherein the Appellate Division, Second Department held that a month-to-month tenant protected by the Rent Laws of 1920 was required to be served a 30-day notice under the precursor statute to RPL § 232-a before they could be evicted.

Shortly after *Stribula*, Judge David B. Saxe held, in *7-11 Realty Co. v Bleckman*, 113 Misc 2d 909 [Civ Ct, NY County 1982], that a rent-controlled tenant who entered possession pursuant to a lease became a "statutory tenant," rather than a month-to-month tenant, after the end of the lease term, and was thus not entitled to a 30-day notice under RPL § 232-a (113 Misc 2d at 910). Judge Saxe acknowledged the holding in *Stribula*, but described the tenant there as "one who was in possession on a month-to-month tenant, without the benefit of the lease, at the time that the rent control laws were enacted . . . The status of such a tenant is not that of a statutory tenant because, by definition, he is not continuing in possession after the expiration of a

---

[2]     While not explicit, the implication in the opposition papers is that the Real Property Law provisions relevant here should apply only to unregulated tenancies.

[3]     The court in *Wertentiel v Coe*, 132 Misc 2d 216 [Civ Ct, NY County 1986]) relied on *Stribula* to hold similarly that a rent-controlled month-to-month tenant was entitled to a 30-day notice pursuant to RPL § 232-a, in addition to any notices required under the rent control laws and regulations, though there is no discussion in the opinion as to whether the tenancy predated the inception of rent control.

6

[* 6]

definite term fixed in a lease." (*Bleckman*, 113 Misc 2d at 910-911 [internal citations omitted]). As a matter of legislative intent, Judge Saxe observed that "[i]t is reasonable to assume that if the legislature had intended to include statutory tenancies within that section, it would have done so explicitly." (*Bleckman*, 113 Misc 2d at 911). Finally, in *Rose Assocs. v Lewandowski*, 1989 NY Misc LEXIS 951, *1-2 [App Term, 1st Dept 1989, November 1, 1989], the Appellate Term, First Department cited to *Bleckman* and held that RPL § 232-a does not apply where a "rent-regulated tenant was in possession under a (now expired) lease."[4]

Notably, the specific circumstances here, where a month-to-month rent-controlled tenancy is alleged to have commenced *after* the institution of rent control, have not been specifically addressed in the caselaw. Unlike in *Bleckman*, the petition does not allege that respondents became month-to-month tenants after the expiration of an initial lease. The petition only states that respondents entered into possession under an oral agreement and continued in possession on a month-to-month basis.

It is axiomatic that "[a] tenant in a rent-controlled premises has a right to continued occupancy, assuming the tenant has complied with the rent control laws, notwithstanding the expiration of the lease." (*Condon*, 84 NY2d at 779). Independently, Real Property Law § 232-a applies, without exception, to monthly and month-to-month residential tenancies in New York City. The most reliable reflection of legislative intent is the plain language of the statute, which does not distinguish amongst the various types of month-to-month tenants (*see Riley v County of Broome*, 95 NY2d 455, 463 [2000] ["[T]he words of the statute are the best evidence of the Legislature's intent."]). As in *Brock*, where the Rent Laws of 1920 increased the notice due to a

---

[4]     The court notes that in *Lewandowski*, the tenancy at issue was rent-stabilized, rather than rent-controlled.

7

[* 7]

protected tenant from five (5) to 30 days, the legislature in 2019 increased the notice due to a month-to-month tenant in New York City from 30 to 90 days if the tenancy was of at least two years' duration (*see Brock*, 201 AD at 585). The Appellate Division in *Brock* held that a regulated month-to-month tenant was entitled to a 30-day notice before he could be removed from possession and stressed that to hold otherwise would "nullify" the relevant provisions of the Rent Laws of 1920 (*Id.*, 201 AD at 586).

The Appellate Term in *Stribula* came to a similar conclusion upon facts identical to those herein, except in the detail that the tenant there was a month-to-month tenant before the institution of rent control. This court does not find this detail to have the salience suggested by Judge Saxe in *Bleckman*. Nowhere in the Appellate Term's opinion in *Stribula* is the genesis of the tenancy before the inception of rent control deemed to be of material importance. Instead, the important distinction was between a statutory tenant whose lease has expired and one who was in possession as a month-to-month tenant protected under the rent control laws (*see Stribula*, 107 Misc 2d at 116). The latter was held to be entitled to *both* a 30-day notice pursuant to RPL § 232-a and a 10-day notice under the relevant sections of the City Rent & Eviction Regulations (*Id.*, 107 Misc 2d at 117). Petitioner is bound by the allegations in the petition (*see 36 Main Realty Corp. v Wang Law Off., PLLC*, 49 Misc 3d 51, 53 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] ["[O]nce the proceeding has been properly commenced, it is the petition which alleges the relevant facts upon which the proceeding is based and sets forth the relief sought."]). If respondents are not actually month-to-month tenants but instead statutory tenants whose initial lease term has expired, this cannot be inferred from the petition. As pleaded, respondents were entitled to both (or combined) 90-day notice under RPL § 232-a and 30-day notice under NYC

Admin. Code § 26-403(e)(10) (*see Stribula*, 107 Misc 2d at 117; *Wertentiel*, 132 Misc 2d at 217).[5]

Accordingly, as only a 30-day notice was served upon respondents, petitioner failed to comply with a necessary condition precedent to the maintenance of this summary holdover proceeding and the proceeding must be dismissed as a result (*see Mautner-Glick Corp. v Glazer*, 148 AD3d 515, 515-516 [1st Dept 2017]; *W 54-7 LLC v Schick*, 14 Misc 3d 49, 50 [App Term, 1st Dept 2006]).[6]  While the undertenants were not, strictly speaking, entitled to any predicate notice (*see 170 West 85th St. Tenants Assn. v Cruz*, 173 AD2d 338, 339 [1st Dept 1991]), petitioner cannot obtain any relief against them in the absence of a judgment against the tenants of record, which is an impossibility now (*see Cruz*, 173 AD2d at 339; *401 Broadway Bldg., LLC v Barra & Assoc., PLLC*, 78 Misc 3d 132[A], 2023 NY Slip Op 50377[U] [App Term, 1st Dept 2023]).  Mary Sune's cross-motion to dismiss is granted accordingly.  The clerk shall issue a judgment dismissing the petition (*see* CPLR § 411).  Petitioner's motion for discovery is denied as moot upon the dismissal of the petition.

This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: New York, New York
     October 29, 2025                 _____
                                     HON. CLINTON J. GUTHRIE
                                       J.H.C.

**APPROVED**
**CGUTHRIE , 10/29/2025, 3:23:41 PM**

---

[5]      If this is a counterintuitive result, it is for the legislature to remedy (*see Chazon, LLC v Maugenest*, 19 NY3d 410, 416 [2012]).

[6]      While the petition was dismissed for lack of jurisdiction in *Stribula*, appellate courts since then have generally deemed noncompliance with statutory notice requirements to instead be in the nature of failing to comply with a necessary predicate (*see 433 W. Assoc. v Murdock*, 276 AD2d 360, 360-361 [1st Dept 2000]; *2013 Amsterdam Avenue Housing Assn, L.P. v King*, 63 Misc 3d 36, 38 [App Term, 1st Dept 2019]).

[* 9]