Per Curiam.

Landlord’s notice to tenants dated December 11, 1971, purportedly given pursuant to subdivision f of section 52 of the New York City Rent, Eviction and Rehabilitation Regulations, directing them to “ remove from the apartment you occupywas not a sufficient notice terminating the tenancy (Rasch, New York Landlord and Tenant [2d ed.], § 1023; cf. Real Property Law, § 232-a). It was not definite and unequivocal. It did not state that landlord elected to terminate the tenancy. Moreover, the two stated grounds for the notice were (1) that tenants had installed new locks on the entrance door to the apartment and failed and refused to deliver to the landlord keys thereto, and (2) that tenant had refused to make access to the apartment available to the landlord for the purpose of making repairs and doing necessary paint work. The first stated ground does not come within subdivision f of section 52 of the city rent regulations, which deals solely with refusal to give landlord access to housing accommodations “ for the purpose of making necessary repairs or improvements required by law” or for the purpose of inspection by a prospective purchaser, mortgagee or other person having a legitimate interest in the apartment. The second stated ground gives no particulars of any kind as to when access was sought and refused. Nor are these particulars found in the letter of November 30, 1971, referred to in *194 the letter of December 11, 1971. As such, the notice was defective and did not constitute adequate foundation for this holdover proceeding (New York City Rent, Eviction and Rehabilitation Regulations, § 53).
Furthermore, both the letter of November 30, 1971, and the letter of December 11, 1971, were sent by petitioner’s attorneys by registered mail, return receipt requested, and both were returned by the post office marked “ refused ”, Neither was thereupon sent to tenants by ordinary mail. Hence, tenants actually received no notice of any kind under section 52 of the city rent regulations.
Where ordinary mail would be sufficient, “ refusal to accept the registered notice relieves the party to be charged ” (Matter of Drake v. Comptroller of City of New York, 278 App. Div. 317, 320). This is confirmed by section 110 of the city rent regulations which permits notices to be sent personally or by mail. ‘ ‘ When service is by registered or certified mail, the return post office receipt shall constitute sufficient proof of service” (ibid.). Since the letters at bar were refused by tenants, landlord could not, of course, produce return post-office receipts and the purported notices were without force or effect.
The final judgment should be reversed with $30 costs, and petition dismissed.
Concur — Lupiano, J. P., Quinn and Markowitz, JJ.
Final judgment reversed, etc.