*356 OPINION OF THE COURT

Per Curiam.

Final judgment of possession entered June 23, 1978 (Andreacchi, J.), restoring the tenant to possession of the subject premises, is affirmed with $25 costs.
The court below, while concluding that the process server had both affixed the dispossess notice to the tenant’s door and mailed it to tenant, found, upon the basis of the testimony of a post-office employee, that there was proof the tenant never received the certified letter containing the dispossess notice. So finding, the court held that proper service was not effectuated, and the tenant must be restored to possession.
Landlord argues on appeal that inasmuch as the requisites for conspicuous service under section 735 of the Real Property Actions and Proceedings Law are merely that the notice and petition be conspicuously affixed to the premises, and that within one day thereafter be mailed to the tenant by registered or certified mail, and inasmuch as that section makes no mention of "delivery,” the court improperly considered the criteria of delivery, especially since pursuant to section 735 (subd 2, par [b]) of the Real Property Actions and Proceedings Law service was effectively completed upon the landlord’s process server filing proof of service with the court.
The literal construction of section 735 of the Real Property Actions and Proceedings Law suggested by the landlord ignores an essential purpose of that section, to wit: to give the tenant notice and an opportunity to be heard (Dobkin v Chapman, 21 NY2d 490). There is of course a presumption of official regularity; and an item mailed will be presumed delivered. Where proof, however, is adduced that there has been no delivery of process, the court may conclude that service has not been properly effectuated notwithstanding proof of mailing (cf. Garson v Hohenleitner, 73 Misc 2d 192).
Since the tenant herein presented sufficient, albeit circumstantial, evidence that the dispossess notice mailed by certified mail was not delivered, the court below, acting upon that evidence, quite properly vacated the judgment of possession previously rendered in favor of the landlord upon the tenant’s default and ordered the tenant restored to possession.
Concur: Dudley, P. J., Tierney and Riccobono, JJ.