OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
Petitioner (the landlord) has predicated this holdover sum *445 mary proceeding against respondent (the tenant) on the ground of nuisance, as provided in Rent Stabilization Code (9 NYCRR) §2524.3 (b). The landlord preceded the notice of petition and petition with a notice of termination as required by Rent Stabilization Code § 2524.2 (a). The tenant moves to dismiss the petition, alleging that the notice of termination was legally insufficient to support the holdover proceeding.
The notice of termination recites verbatim the language of section 2524.3 (b) of the Rent Stabilization Code, except that the notice is addressed directly to this tenant instead of tenants in general, i.e., it refers to the tenant as "you.” Thus, the notice alleges that "you are maliciously, or by reason of gross negligence, substantially damaging the housing accommodation,” and that "you or your guests engage in a course of conduct, the primary purpose of which is intended to harass the owner or other tenants or occupants of the same or an adjacent building or structure by interfering substantially with their comfort or safety.”
The notice then concludes in language not taken directly from the Rent Stabilization Code: "In that you have an excessive number of guests, who, alone or with you, have on many occasions been abusive in dealings with the other residents caused unreasonable levels of noise and disturbances and on at least one occasion have threatened to burn down the subject premises.”
The court must decide whether this notice of termination is sufficient to terminate the tenancy. Service of a proper notice of termination is a necessary prerequisite to the maintenance of a holdover proceeding based on nuisance. (Rent Stabilization Code § 2524.2 [a].) Consequently, if this court finds that the notice of termination was insufficient, the proceeding must be dismissed. (See, Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980]; Stribula v Wien, 107 Misc 2d 114, 117 [App Term, 1st Dept 1980].) The notice is required to provide the court with subject matter jurisdiction of the proceeding. (Stribula v Wien, 107 Misc 2d, at 117.)
A notice of termination must be definite and unequivocal. (Wolfe v Frankel, NYLJ, Oct. 3, 1979, at 6, col 1 [App Term, 1st Dept]; Garsen v Hohenleitner, 73 Misc 2d 192, 193 [App Term, 1st Dept 1973].) The alleged defaults must be stated with particularity, so that the tenant may know what to defend against and how to interpose valid legal defenses against the landlord’s claims. (Olivero v Duran, 70 Misc 2d *446 882, 885-886 [Civ Ct, Queens County 1972]; James v Hunt, NYLJ, May 21, 1986, at 13, col 4, 14 Hous Ct Rptr [HCR] 174A [Civ Ct, Bronx County]; see, S&R Two Stage Realty Corp. v Oedipal Rage, NYLJ, Sept. 9, 1987, at 13, col 3, 15 HCR 282A [Civ Ct, NY County].)
Indeed, Rent Stabilization Code § 2524.2 (b) requires that every notice of termination based on nuisance or other wrongful acts of a tenant state "the facts necessary to establish the existence of such ground”. The landlord in this case should have amplified its claims about the conduct of the tenant and the tenant’s guests with the dates on which the behavior allegedly occurred. (Garsen v Hohenleitner, 73 Misc 2d, at 193, supra.) Merely positing "many occasions” of "abusive” dealings with other residents and "unreasonable levels” of unspecified "noise and disturbances” constitutes conclusory assertions rather than the required facts. (Olivero v Duran, 70 Misc 2d, at 886, supra; James v Hunt, NYLJ, May 21, 1986, at 13, col 4, supra; L.H.J. Realty v Lopez, 13 HCR 164A [Civ Ct, Bronx County, index No. L&T 39900/85, May 17, 1985].) In L.H.J. Realty, the notice of termination also quoted section 2524.3 (b) of the Rent Stabilization Code on nuisance and then alleged that other tenants had complained that the tenants’ visitors were involved in "acts not in the best interest of the building or the tenants.” (13 HCR, at 164A.) The court found these allegations insufficient to apprise the tenant of the facts on which the proceeding was based. (Supra.) In this case, even the allegations of threats to burn down the building are ineffective to end the tenancy, because they fail to state the date(s) and time(s) and to whom and by whom the threats were made. (James v Hunt, NYLJ, May 21, 1986, at 13, col 4, supra.) The notice does not even allege that the tenant knew of the threats made by the tenant’s guests.
A defective notice of termination may not be amended to operate retroactively (nunc pro tunc) at the time of trial. (185 E. 85th St. Co. v Gravanis, NYLJ, Jan. 21, 1981, at 6, col 2 [App Term, 1st Dept].) Moreover, amending the petition cannot operate retroactively to remedy a defective notice. (Chinatown Apts. v Chu Cho Lam, 51 NY2d, at 787, supra.) Therefore, the court does not have subject matter jurisdiction of the holdover proceeding. (185 E. 85th St. Co. v Gravanis, NYLJ, Jan. 21, 1981, at 6, col 2.)
Furthermore, the vague notice of termination renders the petition insufficient to state a cause of action. RPAPL 741 (4) requires that the petition "[s]tate the facts upon which the *447 special proceeding is based.” The petition in this case alleges that the tenant “committed a nuisance” and incorporates by reference the notice of termination to provide the grounds for the proceeding. But unspecific, conclusory assertions cannot support the proceeding. (Olivero v Duran, 70 Misc 2d, at 886, supra.) "A tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met.” (Giannini v Stuart, 6 AD2d 418, 420 [1st Dept 1958].) The landlord has not moved to amend the petition.
Incidentally, concerning the various grounds for nuisance set forth in Rent Stabilization Code § 2524.3 (b), at least one court has invalidated the ground of harassment of the owner or of other tenants, because it does not clarify the conduct for which a tenant may be evicted and because it was improperly promulgated by the Division of Housing and Community Renewal. (Siegal v New York State Div. of Hous. & Community Renewal, NYLJ, July 14, 1987, at 15, col 2, 15 HCR 219A, 220 [Sup Ct, Queens County].)
The court need not consider the tenant’s other argument, that the notice of termination was inadequate because it was subscribed with the typewritten corporate name of the landlord, without any signature of a natural person. The court has found one interesting case, however, in which a petition so subscribed was found legally insufficient. (Lonya Realty Corp. v Montes, 113 NYS2d 299, 300 [App Term, 1st Dept 1952].)
Accordingly, the motion is granted and the petition is dismissed.