OPINION OF THE COURT
Michael D. Stallman, J.
This motion for a stay raises an important question concerning the subject matter jurisdiction of the Civil Court and its capacity to deal with an apparent statutory gap. Specifically, *163 does the Civil Court have the subject matter jurisdiction to enjoin a lien sale pendente lite within a proceeding challenging the validity of a lien?
Petitioner moves for an order staying the sale of an automobile, and, by a special proceeding simultaneously commenced moves to cancel a garage owner’s lien. Petitioner alleges that he is the owner of a 1984 Mercedes Benz which he asserts respondent had agreed to store without charge, and that respondent had performed various repairs without petitioner’s consent. Petitioner further asserts that respondent served petitioner with a notice of sale to foreclose an asserted $3,300 repair lien, without either demanding payment or giving other notice. Respondent answered by denying petitioner’s allegations, including ownership, and asserts that he surrendered the vehicle to a third party who had allegedly exhibited a New Jersey certificate of title. Because the factual issues are in dispute and because respondent did not bring a formal motion to dismiss, the issues of standing and mootness cannot be summarily determined. This motion, however, was submitted on default, upon respondent’s failure to appear on the submission date.*
A court’s subject matter jurisdiction embraces the categories of litigation which it is empowered to adjudicate and the types of remedies which it is authorized to grant. Unlike personal jurisdiction, it cannot be waived by a party’s failure to object. (See, Gager v White, 53 NY2d 475, 485, n 2.) Thus, respondent’s default cannot prevent this court from questioning subject matter jurisdiction, since any judgment rendered without subject matter jurisdiction would be void ab initia.
The Civil Court has been statutorily granted subject matter jurisdiction over this type of special proceeding.
Lien Law § 201-a provides that a special proceeding to determine the validity of a lien "may be brought in any court which would have jurisdiction to render a judgment for a sum equal to the amount of the lien.” It is a logical complement to CCA 202 which grants the Civil Court jurisdiction over actions and proceedings to foreclose liens on personal property where the amount sought does not exceed $25,000. Since the amount sought by respondent lienor is $3,300, this court clearly has subject matter jurisdiction over the proceeding itself.
*164 Petitioner here seeks not only a determination of the validity of the lien, but injunctive relief staying the sale.
Petitioner has incorrectly moved for a stay under CPLR 2201. CPLR 2201 codifies a court’s inherent power to stay, i.e., to suspend, its own proceedings in a pending case, within its discretion, on a proper showing. For example, a court may stay the entry of a judgment pending determination of a motion to vacate judgment. In so doing, a court may stay execution of the judgment, since execution is done pursuant to its mandate. Thus, it may stay supplementary proceedings to enforce a judgment and stay the Sheriff or Marshal and attorneys, who are agents or officers of the court.
In contrast, a lien sale, while considered an aspect of State action, is not a function of the court’s own process. (Cf., Sharrock v Dell Buick-Cadillac, 45 NY2d 152.) The garage owner unilaterally asserts the lien and serves the notice of sale, because the Lien Law requires no prior court order. Until this proceeding and motion were simultaneously brought by the petitioner for the instant relief, nothing was pending before this court. Thus, at the time the relief was requested, there was no action pending in which this court’s proceedings could have been stayed pursuant to CPLR 2201 or otherwise. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2201-.1, C220L9.)
Neither can a stay of the proceedings now pending be used to effect the relief sought. CPLR 2201 is not a substitute for, nor an alternative to, a proper application for injunctive relief under CPLR article 63. Neither can CPLR 2201 be construed as a broad grant of subject matter jurisdiction. First, such an overbroad construction would render CPLR article 63 redundant. Second, it would be unconstitutional. It would enable a movant to bypass the carefully crafted, detailed procedures required to assure that preliminary injunctive relief be sought and granted in a manner consistent with due process. (See generally, Stallman, Provisional Remedies, in Weinstein-Korn-Miller, CPLR Manual § 28.03 [Chase 2d ed 1980].)
The Civil Court has been granted limited equitable jurisdiction and the power to grant certain provisional remedies. It has no inherent equitable power and thus no equitable power other than that bestowed by Constitution or statute. (See, NY Const, art VI, § 15 [b]; Matter of Hellman v Ploss, 46 AD2d 658.) Its injunctive jurisdiction is very narrow except in relation to the maintenance of housing standards. (Compare, CCA *165 209, with CCA 110 [Housing Ct Act].) While CCA 209 (a) grants the Civil Court the power to issue a warrant to seize a chattel pursuant to Lien Law §207, it grants no injunctive jurisdiction in connection with any proceeding under the Lien Law. Conversely, Lien Law § 201-a, which sets forth the power of the court and the procedure to be followed in a special proceeding to determine a lien’s validity, makes no mention of injunctions, temporary restraining orders or stays. It thus grants no injunctive jurisdiction to a court not already vested with it.
One might argue that such a narrow reading conflicts with the purpose of the statute; on closer examination, however, there is no real conflict. Lien Law § 201-a was adopted in an attempt to remedy the constitutional infirmity of the prior Lien Law, which contained no procedure that could have enabled a lienee to challenge the lien’s validity prior to sale. (See, Sharrock v Dell Buick-Cadillac, supra; L 1980, ch 715.) Such a presale challenge procedure would be ineffective and unconstitutional without a mechanism for preventing the lienor from selling the property before determination of the special proceeding. Nevertheless, such a mechanism does exist, independent of and predating Lien Law § 201-a; accordingly, there was no constitutional requirement that the Legislature include one in Lien Law § 201-a. That mechanism is the procedure for obtaining injunctive relief under CPLR article 63. If injunctive relief is needed, the Lien Law § 201-a proceeding can be brought in the Supreme Court; if it is not, then it can brought in the Civil Court.
The jurisdictional provision of Lien Law § 201-a, which permits the proceeding to be brought in any court having monetary jurisdiction, cannot be read to grant injunctive jurisdiction to a court which does not already have it, via independent prior constitutional or statutory enactment. Had the Legislature intended to permit any court to enjoin a lien sale pendente lite, it could have done so easily and concisely. It would have been sensible and salutary for the Legislature to have enabled every court determining a lien’s validity to grant complete, appropriate and effective relief. Nevertheless, it would be a violation of the wise principle of the separation of powers for this court to substitute its judgment for that of the Legislature under the guise of statutory construction. Statutory interpretation should not be an exercise in wishful thinking or an excuse for a court to rewrite what it perceives as a legislative error.
*166 Accordingly, this court concludes that it lacks subject matter jurisdiction to grant the remedy requested by the instant motion, although it has subject matter jurisdiction over the underlying special proceeding.
This court lacks the power to transfer this case to the Supreme Court, the forum capable of granting the relief sought. CPLR 325 (a), applicable to a mistake in the original choice of forum, requires that a motion be made in the Supreme Court. CPLR 325 (b), applicable to a situation where a court’s jurisdiction in a pending action appears too limited to grant the appropriate relief, requires that a motion be made in a court having the jurisdiction to grant such relief. Finally, article VI, § 19 (f) of the NY Constitution, which mandates the Civil Court to transfer an action or proceeding over which the Civil Court has no jurisdiction, is inapplicable. Under the constitutional transfer provision, a court cannot transfer an action or proceeding over which it has jurisdiction, merely because it lacks the power to grant a remedy requested. Neither can a court transfer only a motion.
Ordinarily, a court simply denies an application for relief which it is not empowered to grant. However, in the unusual context presented here, simple denial might result in an injustice. Were this court to deny the motion for a stay while proceeding to adjudicate the underlying special proceeding, the car might well be sold to satisfy the lien, before the propriety of the lien and the rights of the parties are determined. The entire proceeding would be an exercise in futility if this court’s function were reduced to only fact finding with no power other than to render essentially declaratory relief. Although such findings would have collateral estoppel effect in a later plenary action between the parties, to so proceed would be inefficient and burdensome to the parties and the court.
Accordingly, this court hereby orders that all further proceedings herein shall be stayed, pursuant to CPLR 326 (a) and 2201, until further order of this court or the Supreme Court, in order to permit petitioner to make proper application in the Supreme Court, for both removal of this proceeding under CPLR 325 and appropriate injunctive relief.

 The order to show cause which noticed this motion, signed by another Judge of this court, contained an ex parte "stay” (actually a temporary restraining order) of the enforcement of the lien and sale, pending the hearing. It cannot be determined from the court file if any application had been made on the return date or on the next three adjournment dates, to continue the stay pending determination. No such application was made upon its submission on default.