OPINION OF THE COURT
Michael D. Stallman, J.
In this holdover summary proceeding, respondent tenant moves for partial reargument. This motion raises three significant issues: (1) does a petitioner’s failure to serve a proper predicate notice divest the Civil Court of the subject matter jurisdiction to adjudicate a summary holdover proceeding, (2) must the spouse of the tenant of record be named and served with a Golub notice of nonrenewal of a lease, and (3) is a spouse of the tenant of record, who is not a signatory to the current lease, a necessary party to a holdover proceeding based upon nonprimary residence?
facts
Robert Olden and Joan Olden entered into a lease agree *543 ment with petitioner dated February 15, 1974 for the subject premises. The lease was repeatedly renewed. Both Robert Olden and Joan Olden signed renewals dated August 31, 1984 and August 13, 1986; however, only Robert Olden signed the renewal dated August 1988.
Petitioner served the Golub notice upon Robert Olden on or about September 19, 1991, which informed him that petitioner would not renew his lease based upon the allegation that Olden did not occupy the apartment as his primary residence. (See, Golub v Frank, 65 NY2d 900.) The lease expired on January 31, 1992 but Olden did not vacate. Petitioner thereafter commenced this holdover proceeding.
Respondent’s second affirmative defense alleges that petitioner failed to name respondent’s wife, Joan Olden, as a party; the third affirmative defense alleges that petitioner failed to name and serve Joan Olden with a Golub notice of nonrenewal.
Respondent moved, inter alla, to dismiss the proceeding; petitioner cross-moved, inter alla, for an order dismissing various affirmative defenses. By decision and order dated November 24, 1992, this court, inter alla, dismissed the second and third affirmative defenses; respondent seeks reargument of only that portion of the court’s decision.
I
Movant argues that petitioner’s failure to list the respondent’s spouse on the Golub notice and to name her as a respondent in this summary proceeding deprives this court of subject matter jurisdiction.
Respondent has incorrectly characterized these defenses as objections to the Civil Court’s subject matter jurisdiction. Subject matter jurisdiction embraces those categories of actions which a court is empowered to adjudicate and those types of remedies which a court is authorized to grant. Subject matter jurisdiction is granted to a court by Constitution or statute. Litigants lack the power to grant or deprive a court of subject matter jurisdiction. (Gager v White, 53 NY2d 475; see, Lacks v Lacks, 41 NY2d 71.) This court clearly has been granted subject matter jurisdiction over summary proceedings to recover possession of real property. (See, NY Const, art VI, § 15; CCA 204.)
The terms "lack of subject matter jurisdiction” and "jurisdictional defect” each have been used chronically and inaccu *544 rately as shorthand. Rather than explaining that a specific pleading defect is so egregious that it should not be subject to amendment, thereby requiring dismissal of the proceeding, courts have used these terms epithetically.
This tendency has flowed from the traditional view that summary proceedings must be strictly construed and the consequent disinclination to permit certain pleading defects to be cured by amendment of the petition (e.g., failure to allege rent-controlled or stabilized status, multiple dwelling status, existence of a currently effective rent registration statement). Some courts have assumed that under such circumstances, the court never acquired subject matter jurisdiction over the proceeding. (See, e.g., Houston Realty Corp. v Castro, 94 Misc 2d 115.)
Some courts thus have held that where a petitioner has failed to serve a proper predicate notice (e.g., notice to cure, notice of termination, Golub notice), the proceeding must be dismissed on the grounds that it is "jurisdictionally defective” (Esposito v Wetzel, 196 Misc 246; Dowarp Realty Co. v Acevedo, NYLJ, Apr. 3, 1990, at 26, col 2; see, MSG Pomp Corp. v Baez, 185 AD2d 798); others have concluded that the court lacks or lost subject matter jurisdiction (Jackson v New York City Hous. Auth., 88 Misc 2d 121; Papacostopulos v Morrelli, 122 Misc 2d 938; Carriage Ct. Inn v Rains, 138 Misc 2d 444; Federal v Ortiz, 139 Misc 2d 274; Caiado v Bischoff, 140 Misc 2d 1014; Jackson v Hertz, NYLJ, Aug. 19, 1992, at 23, col 3).
This is not a question of semantics: loose, colloquial usage has caused conceptual confusion about the essence of subject matter jurisdiction. (See, Birchwood Towers #2 Assocs. v Schwartz, 98 AD2d 699, 700, citing Rosgro Realty Co. v Braynen, 70 Misc 2d 808, affd sub nom. Grosfeld v Braynen, 41 AD2d 605; McClelland v Robinson, 94 Misc 2d 312.) Where a court genuinely lacks subject matter jurisdiction, e.g., an action for a permanent injunction improperly brought in the Civil Court (see, Doo Soon Chung v Doo Nam Kim, 170 AD2d 232), the entire action must be dismissed, and may not be brought again in that court, because that court lacks the power to adjudicate such an action. Where a court lacks subject matter jurisdiction to grant a specific remedy, only that request for relief need be denied, and the action can continue, provided that the court is empowered to grant some of the relief sought. (See, Maloney v Rincon, 153 Misc 2d 162 [motion for preliminary injunction improperly brought in properly pending Civil Court action].)
*545 In contrast, failure to plead and prove a condition precedent, e.g., service of a proper predicate notice, can result in dismissal of the cause of action of which it is an element, but not for reasons of subject matter jurisdiction. (See, Chinatown Apts, v Chu Cho Lam, 51 NY2d 786; First Sterling Corp. v Zurkowski, 142 Misc 2d 978.)
However, if a proceeding is dismissed because of only a failure to plead, then a new proceeding, pleading proper service of a proper predicate notice, can be commenced in the same court. (See, Century Paramount Hotel v Rock Land Corp., 68 Misc 2d 603 [failure to adequately set forth circumstances of serving, and substance of, holdover notice].) If the court genuinely lacked subject matter jurisdiction, recommencement in the same court would not be permissible.
Service of a Golub notice is a condition precedent to the commencement of a holdover proceeding based upon the ground that the tenant is not using the premises as his or her primary residence. It is an element of petitioner’s case, which petitioner must plead and prove. Similarly, the omission of a necessary party may be asserted as a ground for either dismissal or joinder (see, CPLR 1001 [b]). Neither defense divests a court’s preexisting subject matter jurisdiction.
II
At issue here is whether a notice of nonrenewal of a rent-stabilized lease, based upon the grounds that the tenant is not occupying the premises as his or her primary residence (Golub notice), must be sent to the spouse of the tenant of record and whether the spouse must be individually named in the notice. (See, Rent Stabilization Code [9 NYCRR] § 2523.5; Golub v Frank, 65 NY2d 900, supra.)
Rent Stabilization Code § 2523.5 (a) provides in pertinent part: "On a form prescribed or a facsimile of such form approved by the DHCR, dated by the owner, every owner, other than an owner of hotel accommodations, shall notify the tenant named in the expiring lease not more than 150 days and not less than 120 days prior to the end of the tenant’s lease term, by mail or personal delivery, of the expiration of the lease term, and offer to renew the lease or rental agreement at the legal regulated rent” (emphasis supplied).
Rent Stabilization Code § 2524.4 (c) sets forth the grounds for an owner’s refusal to renew a lease which include, inter alla, that the housing accommodation is not occupied by the *546 tenant as his or her primary residence. When a landlord refuses to offer a renewal on any of these grounds, section 2524.2 (c) (2) requires that the landlord serve a termination notice upon the tenant at least 120 and not more than 150 days prior to the expiration of the lease term.
Section 2520.6 (d) of the Code defines "tenant” as "[a]ny person or persons named on a lease as lessee or lessees, or who is or are a party or parties to a rental agreement and obligated to pay rent for the use or occupancy of a housing accommodation.”
It is undisputed that only Robert Olden signed the last renewal lease. Since the Code defines a "tenant” as a party to a lease or rental agreement, an owner must look to the tenant(s) listed on that last expiring lease agreement in order to determine who is entitled to a renewal lease. It logically follows that only the tenant or tenants listed on the last expiring lease must be given notice that they will not be offered a renewal lease. (See, Rose Assocs. v Bernstein, 138 Misc 2d 1044, 1047.)
Since Robert Olden was the only signatory to the most recent renewal lease which expired on January 31, 1992, he was the only person required to be named in the Golub notice and the only person the landlord was required to serve with the Golub notice. Respondent’s contention, that since Joan Olden had signed two earlier renewal leases (1984 and 1986) petitioner was legally obligated to serve her with a Golub notice, is without legal basis. The Code provides that the tenant named in the expiring lease must be served with a Golub notice. (Rent Stabilization Code § 2524.2 [a] [2]; § 2520.6, discussed supra.)
Respondent argues that, because Joan Olden signed certain rent checks drawn on a joint checking account where her husband, the named tenant, was the other signatory, the petitioner is required to name her in and serve her with a Golub notice, even though she did not sign the most recent renewal lease. This argument, too, is specious. An individual may not acquire tenancy rights under the Rent Stabilization Code or otherwise merely by signing a rent check drawn on a joint account when the other party is the tenant of record at the premises.
Accordingly, reargument is granted; upon reargument, the court finds that the third affirmative defense is not legally cognizable and adheres to that portion of its original order which dismissed the third affirmative defense.
*547 III
Respondent asserts, by affirmative defense, that petitioner should have named and served Joan Olden as a respondent.
CPLR 1001 (a) provides that necessary parties are: "Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants.”
In his second affirmative defense, respondent alleges that petitioner’s wife is his cotenant. On a motion to dismiss a defense the court must accept this allegation as true and construe the defense in a light most favorable to the pleader. (See, Weinstein-Korn-Miller, CPLR Manual § 21.05 [Chase 2d ed, 1993 Revision].) Thus, this defense, as pleaded, is sufficient to set forth a legally cognizable claim, to wit, that as a spouse and cotenant, Joan Olden would have had rights under the Rent Stabilization Code. If Joan Olden had a right to a renewal lease as claimed, she could be inequitably affected by a judgment in this proceeding;[1] thus, this defense is legally cognizable.
The court notes that there is an apparent inconsistency in respondent’s allegations. On one hand, respondent claims that Joan Olden had the independent right to a renewal lease based upon Rent Stabilization Code § 2523.5 (b) (1). That section provides that certain members of a tenant of record’s immediate family who remain at the premises may have the right to a renewal lease if the tenant of record has permanently vacated the housing accommodation. On the other hand, respondent’s own substantive defense to this proceeding is that he has continued to occupy the subject premises as his primary residence and that his wife has been his cotenant. Notwithstanding the foregoing, CPLR 3014 expressly permits inconsistency in pleading claims and defenses. (Siegel, NY Prac § 214 [2d ed].)
In order to determine whether this defense should be dis *548 missed based upon the second ground set forth in CPLR 3211 (b), i.e., that it is without merit, the factual circumstances must be examined. On this motion, petitioner movant has the burden of proving that this defense is without merit. In its underlying cross motion, petitioner submitted only an attorney’s affirmation in connection with its request for dismissal of the second affirmative defense. In that affirmation, counsel argued that since only Robert Olden was the tenant of record, Joan Olden was not a necessary party to this proceeding. An affidavit of an agent of petitioner, Fred Gobic, was also submitted on the motion, but it was offered in support of that branch of petitioner’s motion seeking leave to conduct discovery. In that affidavit, Gobic reported on his investigation of another apartment at a different address which petitioner has alleged is respondent’s primary residence. While this affidavit was sufficient to demonstrate a reasonable basis for ordering pretrial discovery, it states nothing about Joan Olden and is insufficient to prove that the defense has no merit.
Petitioner movant has not met its initial burden of demonstrating that the defense lacks merit; therefore, the burden of proof does not shift to the defending respondent to come forward with proof of a triable issue of fact. (See, Becker v Elm Air Conditioning Corp., 143 AD2d 965.) Given the insufficiency of the petitioner movant’s showing that this defense has no merit, it is unnecessary here for the court to consider the curious absence, in respondent’s papers in opposition to the underlying motion, of any allegation that the subject premises were, at the time the Golub notice was served, the primary residence of Joan Olden, or other proof that she has rights in the apartment.
On this record, the court cannot say, as a matter of law, that there is no merit to respondent’s pleaded assertion that Joan Olden has rights which might be adversely affected by a judgment in this proceeding. (See, Kronos Films v Insurance Co., 86 AD2d 888.)
An immediate trial on this issue would not now be appropriate. (See, CPLR 3211 [c].) Joan Olden’s status is inextricably interrelated with respondent’s status. Discovery, which is needed to illuminate this issue, has not been completed. Permitting the defense to remain at this time does not prejudice petitioner; respondent bears the ultimate burden of proof on an affirmative defense. In contrast, were the defense dismissed now, before discovery, on the sparse showing presented, respondent’s wife might be prejudiced if respondent *549 were capable of proving that his wife has rights in the apartment and if an adverse judgment against respondent were later held to be binding on his wife.[2]
Accordingly, reargument is granted and upon reargument, the court recalls that portion of its decision and order which dismissed the second affirmative defense, and directs that this defense remain at this time. Proceeding restored to Part 18 Trial Calendar for June 1, 1993 at 9:30 a.m.

. Ordinarily, under modern theories of issue preclusion (collateral estoppel) only a party who has had a full and fair opportunity to litigate an issue would be bound by the determination of such issue. Under certain circumstances, nonparties have been bound based upon findings of privity and relationship to a party. Whether the determination on this issue could be binding on Joan Olden is not specifically raised by this motion. (See, Stallman, Former Adjudication: Res Judicata and Collateral Estoppel, in Weinstein-Korn-Miller, CPLR Manual §25.04 [¶] [Chase 2d ed, 1993 Revision].)

. The court notes that neither side has sought leave to depose Joan Olden as a nonparty witness on this issue. Neither has Joan Olden sought leave to intervene here, nor has she sought affirmatively to assert her alleged rights by timely proceeding in another forum (e.g., by seeking injunctive or declaratory relief or reformation in the Supreme Court), which would have been the most prudent vehicle for her to preserve any bona fide right. Moreover, neither side has sought to have Joan Olden joined as a respondent.