Kimberly A. MacMILLAN, Plaintiff,

v.

Andre BRUCE, Defendant–Appellee,

and Concerning Donald
Wasko, Appellant.

No. 94CA1216.

Colorado Court of Appeals,
Div. III.

June 15, 1995.

Opinion Modified on the Court's
Own Motion Aug. 24, 1995.

Gary L. Crandell, Denver, for appellant.

Burg & Eldredge, P.C., Michael S. Burg, Jack D. Robinson, Denver, for defendant-appellee.

No appearance for plaintiff.

Opinion by Judge NEY.

Donald Wasko (attorney) appeals the summary judgment and award of attorney fees and costs entered in favor of defendant, Andre Bruce. We affirm the summary judgment and remand for a determination of defendant's attorney fees.

In September 1992, defendant, a professional football player, allegedly assaulted and battered plaintiff, Kimberly MacMillan, after a football game in Denver. Shortly thereafter, plaintiff retained attorney to pursue her claims against defendant.

In December 1992, a county sheriff unsuccessfully attempted to serve defendant with process in California. Attorney maintains that this attempt at service failed because of a policy of defendant's football team prohibiting service on a team member at the team facility. Defendant was served in Colorado in October 1993 when he returned to Denver for a football game; attorney filed the complaint one week later.

Defendant filed a motion for summary judgment on the grounds that plaintiff's action was not filed within the one-year statute of limitations applicable to claims of assault and battery. The trial court granted defendant's motion in April 1994.

In May 1994, defendant filed a motion for recovery of attorney fees and costs. Neither party requested a hearing on the motion and the trial court determined that a hearing would not materially assist the court in ruling on the motion. Acting pursuant to C.R.C.P. 11 and C.R.C.P. 121 § 1–22(2)(c), the court entered judgment against attorney for all attorney fees and costs expended by defendant in the amount of $5,280.

Plaintiff did not appeal the summary judgment. However, as the award of attorney fees and attorney's arguments in opposition to the motion for summary judgment are, to some degree, inextricably entwined, we conclude that consideration of the merits of the summary judgment in this appeal is necessary.

I

■ Attorney contends that the trial court committed reversible error in determining that the tolling provisions of § 13–80–118, C.R.S. (1987 Repl.Vol. 6A) are not applicable to plaintiff's case. We do not agree.

The parties do not dispute that plaintiff's cause of action accrued on September 6, 1992, that plaintiff's injury and its cause were known to plaintiff on that date, or that the applicable statute of limitations for plaintiff's claims was one year. See § 13–80–103(1)(a), C.R.S. (1987 Repl.Vol. 6A). And, there is no dispute that defendant was not served and plaintiff's complaint was not filed until more than one year after plaintiff's cause of action accrued.

Attorney argues that the applicable limitations period was tolled during the professional football season and pre-season training sessions because defendant's team's policy prohibited service at these times. However, even if we assume that service could not be completed upon defendant at these times, plaintiff failed to state a genuine issue of disputed fact as to why defendant could not have been served at his home either during or after the football season.

There is no evidence in the record that would contradict the trial court's finding that defendant did not conceal himself. And, there is no legal argument presented in support of the proposition that an employer's policy can prevent service of process. We further conclude that the tolling provisions were not applicable because, as the trial court noted, notwithstanding the lack of service, plaintiff could have timely commenced the action by filing her complaint.

Therefore, we conclude that the trial court did not err in determining that the tolling provisions of § 13–80–118 were not applicable to the filing of plaintiff's claims and that plaintiff's claims were barred by § 13–80–103(1)(a).

## II

Attorney next contends that the trial court erred in awarding attorney fees pursuant to C.R.C.P. 11. Again, we do not agree.

The trial court determined that plaintiff's tolling argument was not a good faith argument for the extension, modification, or reversal of existing law and, accordingly, awarded defendant his attorney fees and costs. The court found that attorney was solely liable for fees and costs because the filing of the case beyond the applicable statute of limitations involved a determination of law.

■ The determination, under C.R.C.P. 11, whether attorney fees should be awarded and in what amount is within the discretion of the trial court. Thus, a trial court's award will not be disturbed absent an abuse of discretion. Schmidt Construction Co. v. Becker–Johnson Corp., 817 P.2d 625 (Colo. App.1991). We conclude that the trial court did not abuse its discretion in awarding defendant's attorney fees pursuant to C.R.C.P. 11.

■ Attorney argues, based on Nienke v. Naiman Group, Ltd., 857 P.2d 446 (Colo. App.1992), that attorney fees should not be awarded because attorney has presented rational arguments which are supported by authority from other jurisdictions.

Attorney maintains that defendant was not subject to service during the entire football season because of the team's policy, yet attorney did not make diligent attempts to serve defendant in Los Angeles when defendant was not at the team facility or at his off-season home in Alabama. Similarly, attorney argues strenuously for the application of the tolling statute although he could have preserved plaintiff's claims by filing the complaint within the statutory period.

In light of these facts, we conclude that attorney has not advanced a rational argument in support of extension of the application of the tolling statute, and therefore, the rule announced in Nienke concerning sanctions for advancing frivolous claims in cases of first impression is not applicable here.

■ Finally, although we conclude that the award of attorney fees was not an abuse of the trial court's discretion, we remand the case for a redetermination of the amount of defendant's attorney fees. We direct the trial court to calculate defendant's fees from the time at which plaintiff first raised the tolling argument.

We conclude that attorney fees cannot be assessed against attorney from the beginning of the action solely because attorney filed the suit after the statute of limitations expired.

Attorney is not obligated to refrain from filing the action in anticipation of defendant's assertion of the affirmative defense that the limitations period has expired. *See Davis v. Bonebrake,* 135 Colo. 506, 313 P.2d 982 (1957).

### III

We agree with defendant that he is entitled to attorney fees on appeal. However, his reliance on *International Technical Instruments, Inc. v. Engineering Measurements Co.,* 678 P.2d 558 (Colo.App.1983) as a basis for that award is misplaced. The proper basis for an award of attorney fees on appeal is C.A.R. 38(d).

An award of attorney fees may be made if the appellate court determines that an appeal is frivolous. C.A.R. 38(d). An appeal is frivolous if the proponent can present no rational argument based on the evidence or law in support of her claim, or the appeal is prosecuted for the sole purpose of harassment or delay. *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

Because attorney has failed to present a rational argument for the application of the tolling statute and has presented no other arguments in opposition to the trial court's award of attorney fees based on either the facts at issue or existing law, we award defendant his attorney fees on appeal.

The judgment is affirmed and the cause is remanded for a determination of attorney fees incurred by defendant at the trial level in response to attorney's argument for the application of the tolling statute and for a determination of defendant's attorney fees on appeal.

BRIGGS and PIERCE, JJ., concur.