EAGLE PEAK FARMS, LTD., a Colorado limited partnership, and Prospect Valley Farms, Ltd., a Colorado limited partnership, Plaintiffs–Appellants,

v.

LOST CREEK GROUND WATER MANAGEMENT DISTRICT, a Colorado governmental subdivision and body corporate, Defendant–Appellee,

and

Lost Creek Land and Cattle Company, Interested–Party Defendant–Appellee.

No. 98CA1518.

Colorado Court of Appeals,
Div. V.

Sept. 30, 1999.

As Modified on Denial of Rehearing
Feb. 3, 2000.

Certiorari Denied Aug. 21, 2000.

White & Jankowski, LLP, Michael D. White; David C. Taussig; Sarah A. Klahn; and Austin C. Hamre, Denver, Colorado, for Plaintiffs–Appellants.

Lind, Lawrence & Ottenhoff LLP, Kim R. Lawrence, P. Andrew Jones, Greeley, Colorado, for Defendant–Appellee.

Vranesh and Raisch, LLP, Michael D. Shimmin, Boulder, Colorado, for Interested–Party Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiffs, Eagle Peak Farms, Ltd., and Prospect Valley Farms, Ltd., appeal from the district court's dismissal of their appeal of the denial of their application for a change of water rights by defendant, Lost Creek Ground Water Management District (District). We reverse and remand for further proceedings.

Plaintiffs filed an application for a change of water rights with the Colorado Ground Water Commission and the District. After a hearing, the District denied the application. Plaintiffs then filed a notice of appeal in district court. Although, pursuant to § 37–90–115(1)(b)(I), C.R.S.1999, plaintiffs personally served notice of the appeal within 30 days on defendant and 17 of the 20 defendants and interested-party defendants— those who had appeared and had been granted party status at the District's hearing— they did not serve the other three interested parties in that time.

The District moved to dismiss the appeal on the grounds that the court lacked subject matter jurisdiction over the appeal and lacked personal jurisdiction over the three interested-party defendants who were served outside the 30–day period.

The district court dismissed the appeal finding that personal service of the notice of appeal within 30 days of the District's decision was jurisdictional. The court determined that, because plaintiffs had not fulfilled this requirement, the court lacked jurisdiction to hear the appeal.

Because they asserted that this case involved water matters under the original jurisdiction of the supreme court, plaintiffs then filed a notice of appeal of the district court's decision in the supreme court. However, agreeing with the District's motion arguing that this case involved the interpretation of § 37–90–115, C.R.S.1999, that court transferred jurisdiction of the appeal to this court.

I.

Plaintiffs contend that the district court erred in dismissing their appeal for lack of subject matter jurisdiction for failure to serve timely three of the interested-party defendants. They argue that, although the filing of the notice of appeal with the district court is jurisdictional, once the notice is timely filed, the appeal has been perfected even though all interested parties may not have been served personally with such notice within 30 days. They further argue that, even if service is to be accomplished within 30 days, then service by mail should be sufficient notice under the statute.

The District, to the contrary, argues that notice of the appeal must be served personally upon all parties within the thirty days or the appeal must be dismissed for lack of subject matter jurisdiction.

We agree that subject matter jurisdiction for this appeal is invoked by the filing of a timely notice of appeal in the district court. We also conclude that the service of notice of the appeal requires personal service on all interested parties. However, we further hold that accomplishing personal service within thirty days is a procedural require-

ment, the violation of which does not mandate dismissal of the appeal.

### A.

■ Statutes are to be construed to give meaning and effect to all the provisions. *Martin v. Montezuma–Cortez School District RE–1,* 841 P.2d 237 (Colo.1992).

■ The meaning to be given a statute is to be determined by the General Assembly's intent as expressed in the language used in the statute. The statute is to be considered as a whole, giving the words and phrases their plain and ordinary meaning. *See Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994).

Under § 37–90–131(1)(c), C.R.S.1999, judicial review of water management district decisions is governed by the standards for review of water commission board and state engineer decisions as set forth under § 37–90–115, C.R.S.1999.

Section 37–90–115(1)(a), C.R.S.1999, provides that such appeal is to be taken in the district court in the county where the water rights or wells involved are situated. *See North Kiowa–Bijou Management District v. Ground Water Commission,* 180 Colo. 313, 505 P.2d 377 (1973).

And, under § 37–90–115(1)(b)(I):

The notice of such appeal shall be served by the appellant upon the state engineer or the commission and all interested parties within thirty days after the notice of such decision or act and, unless such appeal is taken within said time, the action ... shall be final and conclusive.

Section 37–90–115(1)(b)(II), C.R.S.1999, provides further that:

Notice of such appeal, proof of service, and docketing of the appeal in the district court shall be accomplished in the same manner as any other civil suit originally commenced in the district courts of this state.

Because the plain language of § 37–90–115 provides that appeals are to be conducted in the same manner as other civil suits filed in the district court, we look to the rules of civil procedure for guidance in determining the intent and meaning of these statutes. *See*

*R.E.N. v. City of Colorado Springs,* 823 P.2d 1359 (Colo.1992) (statutes concerning the same subject matter to be read *in pari materia* ).

### B.

■ Subject matter jurisdiction concerns those categories of actions which a court is empowered by the constitution or statute to adjudicate and those remedies it is authorized to grant. *Hoyman v. Coffin,* 976 P.2d 311 (Colo.App.1998). Such jurisdictional requirements, established by the constitution or statute, are those necessary to invoke the jurisdiction of the court. Subject matter jurisdiction cannot be waived. *Nguyen v. Swedish Medical Center,* 890 P.2d 255 (Colo. App.1995).

■ On the other hand, procedural requirements are those which facilitate the proceedings before the court. Once a court's subject matter jurisdiction properly is invoked, a party's failure to comply with a procedural requirement may justify the court's dismissal of an action within its discretion, but such failure does not divest the court of such jurisdiction. *See Hawkins v. State Compensation Insurance Authority,* 790 P.2d 893 (Colo.App.1990) (defect in document timely filed does not deprive appellate court of jurisdiction); *Katz Park Avenue Corp. v. Olden,* 158 Misc.2d 541, 601 N.Y.S.2d 757 (N.Y.City Civ.Ct.1993) (procedural defect may result in dismissal but not for reason of subject matter jurisdiction).

■ As a general rule, the filing of a complaint gives a court subject matter jurisdiction over the plaintiff and the action. C.R.C.P. 3; *Nelson v. District Court,* 136 Colo. 467, 320 P.2d 959 (1957).

Here, under §§ 37–90–115(1) and 37–90–131(1)(b), C.R.S.1999, any party adversely affected or aggrieved by a decision of a water management district board must take an appeal within 30 days of the board's decision or the decision becomes final and unreviewable. An appeal is commenced by the timely filing of the notice of appeal. *See* C.A.R. 3(a) (appeal is "taken by filing" notice of such appeal).

■ We conclude that, similar to the commencement of an action under C.R.C.P. 3, it is the timely filing of the notice of appeal which invokes the court's subject matter jurisdiction. And, because plaintiffs filed their notice of appeal within 30 days of the District's decision, the district court had subject matter jurisdiction over the appeal.

This result also is consistent with the result we would reach if we were to follow the rules of appellate practice as urged by plaintiffs.

■ An appeal is commenced and jurisdiction is invoked by the filing of a notice of appeal with the clerk of the appellate court. C.A.R. 3; *Molitor v. Anderson*, 795 P.2d 266 (Colo.1990) (appeal of trial court's judgment is perfected by filing timely notice of appeal).

Similarly, because plaintiffs filed the notice of appeal timely with the district court, the court had subject matter jurisdiction over the appeal.

### C.

■ C.R.C.P. 4 requires personal service of the pleading that commences an action in the district court. We conclude that, similarly, the notice of appeal from a decision of the District is to be served personally and, in accordance with the statute, such service is to be effected within 30 days of the District's decision. Here, as discussed, three of the parties were not personally served within the 30–day period.

■ However, contrary to the District's contention, such failure to obtain proper service, although relevant to whether there is personal jurisdiction over a particular party, does not require the dismissal of the action itself for lack of subject matter jurisdiction. *Fletcher v. District Court*, 137 Colo. 143, 322 P.2d 96 (1958); *see also Samsonite Corp. v. Industrial Commission*, 665 P.2d 1037 (Colo. App.1983) (failure to effect service on defendant did not divest appellate court of jurisdiction which attached upon filing of petition for review); *cf. MacMillan v. Bruce*, 900 P.2d 131 (Colo.App.1995) (court notes that plaintiff could have commenced suit by timely filing complaint without service on defendant).

■ Rather, language in a statute requiring that a particular procedure be followed, such as the requirement here that service be accomplished within 30 days, does not amount to a subject matter jurisdictional requirement unless it is clear that the General Assembly so intended it. *See In re Marriage of Helmich*, 937 P.2d 897 (Colo.App. 1997).

Here, the language of the statute expresses the General Assembly's intent that an appeal must be commenced in a timely fashion. However, by providing for service to be accomplished according to the rules of civil procedure, the plain language of the statute reflects that it is service upon all proper and necessary parties, rather than the timing of such service, that is necessary to perfect an appeal. See also *Nelson v. Blacker*, 701 P.2d 135 (Colo.App.1985) (once a complaint is filed, the only time requirement for service of the complaint under C.R.C.P. 3(a) is reasonableness).

Further, C.R.C.P. 4(g) allows a party to obtain service by mail or publication if it can be shown that personal service cannot be made.

Accordingly, because the 30–day service of notice requirement is procedural and not a requirement of subject matter jurisdiction, plaintiffs' failure to so serve the three parties does not require dismissal on this ground. *See People in Interest of Clinton*, 762 P.2d 1381 (Colo.1988) (once court has obtained subject matter jurisdiction, later failure to follow statutory requirements does not divest court of jurisdiction); *In re Marriage of Helmich, supra* (failure to provide notice of contempt hearing to district attorney is harmless error in absence of showing of prejudice to parties).

■ However, failure to follow procedural requirements may be grounds for dismissal if properly raised by the opposing party. *Cf. Moses v. Moses*, 180 Colo. 397, 505 P.2d 1302 (1973) (although unjustified delay in complying with procedural requirements is not to be condoned, strict technical application of time requirements should not be ap-

plied if such would result in arbitrary denial of substantial justice).

The purpose of requiring notice of a proceeding to an adverse party is to allow the parties an adequate opportunity to prepare for the proceedings. *See Danielson v. Jones,* 698 P.2d 240 (Colo.1985) (compliance with statutory provisions necessary to provide meaningful opportunity to respond).

Here, we note that the three parties were joined in the original proceeding and named in the notice of appeal. The parties have not asserted that they have been prejudiced by plaintiffs' failure to serve them within the 30 days required. Indeed, all parties have participated or have been represented in all stages of the proceedings. Further, according to plaintiffs, all the parties to the appeal now have been served personally.

Thus, to the extent that the court dismissed plaintiffs' appeal on the ground that it lacked subject matter jurisdiction for lack of personal service within 30 days, that determination was in error. However, as discussed, the trial court, in the exercise of its discretion, can nevertheless dismiss the appeal for failure to comply with the procedural requirements set forth in the statute.

Accordingly, the case must be remanded for a hearing to determine whether plaintiffs' failure to serve all parties personally in a timely manner is sufficient cause for dismissal of the appeal. At such hearing, the court should consider the reasons for the delay, whether the parties actually were served, and whether the delay prejudiced the parties in preparing for the appeal. *Cf. Nelson v. Blacker, supra* (trial court has discretion to dismiss a complaint for failure to prosecute).

### D.

■ The District argues nevertheless that, because plaintiffs failed timely to serve three of the parties, the appeal should have been dismissed for failure to join indispensable parties. In raising this argument the District again relies on the lack of personal service on three parties as revealing a failure to join indispensable parties which necessitates dismissal of plaintiffs' appeal. We are not persuaded.

Section 24–4–106, C.R.S.1999, sets forth the general procedures for review of an agency action. Such procedures also may be more specifically governed by those set forth by the agency.

Under § 24–4–106(4), C.R.S.1999: "[A]n action shall not be dismissed for failure to join an indispensable party until an opportunity has been afforded to an affected party to bring the indispensable party into the action."

Although § 37–90–115 requires service within 30 days of the District's decision, it is silent as to the consequence for a failure to join an indispensable party. Therefore, because § 24–4–106(4) allows for the opportunity to correct a failure to join an indispensable party, failure to obtain service on an indispensable party within 30 days also does not mandate dismissal.

### II.

■ Lost Creek Land and Cattle Company (Lost Creek), an interested-party defendant, argues that plaintiffs' service on it of the notice of appeal filed in district court after the filing of the notice of appeal in the supreme court is ineffective. We disagree.

■ Once an appeal is taken, the district court is divested of authority to consider substantive matters that directly affect the judgment being appealed. *See Molitor v. Anderson, supra.*

After filing the notice of appeal in the supreme court on July 8, 1998, plaintiffs served Lost Creek on August 8, 1998, with notice of the appeal that previously had been filed in district court. Lost Creek moved, in district court, to quash service of the notice of the underlying action on the ground that, because the filing of a notice of appeal removes jurisdiction of the case from the district court, service of the notice can no longer be accomplished. The district court, finding that it lacked jurisdiction to rule on the motion, dismissed it. Lost Creek also filed this motion with this court.

However, plaintiffs' service of the notice of appeal on Lost Creek did not require the district court to act, nor did it act. Rather,

plaintiffs simply accomplished service they had previously attempted.

The judgment of dismissal is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Judge TAUBMAN and Judge KAPELKE concur.