Arnold L. Fein, J.
Plaintiffs’ motion for a stay of eviction and defendant’s motion to dismiss in this declaratory judgment action are considered together.
The action was commenced by plaintiffs, husband and wife, for a judgment declaring the rights of plaintiff, Sylvia L. Wager, under a lease executed by plaintiffs as tenants with defendant as landlord, for apartment 12S, 315 Central Park West, New York, New York. The original lease was for a term of three years commencing on April 1, 1965 and terminating March 31, 1968. Although no supporting documentation has been presented, plaintiffs assert the lease was renewed by the landlord for an additional three-year period, ending in 1971. However, the landlord contends that the lease expired in 1969 and that thereafter plaintiff Walter Wager became the tenant pursuant to section 232-c of the Real Property Law, which tenancy was terminated by a 30-day notice, effective April 30, 1973. Since that time the landlord has attempted to remove tenant in various proceedings in the Civil Court of the City of New York.
It is conceded that following termination of the lease, a month-to-month tenancy was created in accordance with section 232-c of the Real Property Law, by virtue of landlord’s acceptance of monthly rent. It is undisputed that all monthly rental checks were written and issued by plaintiff Walter Wager (Walter). Defendant contends that this establishes that Walter was the tenant of the leased premises, despite the fact that the original lease between the parties was made to and executed by both plaintiffs as tenants. Defendant also relies on court records, affidavits and transcripts of prior testimony by Walter that he resided in the apartment with his wife and child, as a month-to-month tenant. However, such records and testimony are not dispositive as to the rights of his wife, Sylvia.
A month-to-month tenancy created under section 232-c of *316 the Real Property Law can only be terminated by appropriate and proper service of a 30-day notice required by section 232-a of the Real Property Law. On March 26, 1973, defendant served a 30-day notice on Walter to terminate the tenancy on April 30, 1973. Thereafter, on May 8, 1973, summary proceedings were commenced against Walter in the Civil Court by service of a holdover notice of petition and petition which resulted in a decision and final judgment of possession in favor of landlord against Walter, dated July 3, 1973. No appeal was taken. That decision and judgment is conclusive as to Walter as a final and binding adjudication terminating his rights to the premises under the lease and under the statutory tenancy created by operation of law. Accordingly, as to Walter, defendant’s motion for an order pursuant to CPLR 3211 (subd [a], par 5), dismissing the action upon the ground of res judicata is granted.
Following rendition of final judgment in the Civil Court against Walter, one or more of the plaintiffs made application for stays of execution. The current stay is embodied in an order to show cause by Mr. Justice Gomez of this court, dated July 16, 1974, staying execution of the warrant of eviction pending final determination of these motions.
It is undisputed that plaintiff Sylvia Wager (Sylvia), has never been served with a 30-day notice pursuant to section 232-a of the Real Property Law. Nor was she served as a party to the summary proceedings in the Civil Court against her husband, Walter. The issue, which appears to be one of first impression, is whether Sylvia, a tenant under the original lease, is herself a statutory tenant by virtue of section 232-c of the Real Property Law, so as to require the service of a 30-day notice upon her prior to the commencement of summary proceedings for eviction. Although she was not served with a 30-day notice and was not named as a party respondent in the summary proceedings, landlord asserts Sylvia is bound because she knew about those proceedings, was in privity with her husband and had a full opportunity to raise objections and be heard during the prior proceedings.
Landlord also relies on the disposition of the first claim of tenancy made by Sylvia on her application in Civil Court in November of 1973 for an order vacating the warrant of eviction, which was denied. On appeal, the Appellate Term, on June 25, 1974, marked the appeal withdrawn, stating in its memorandum decision (NYLJ, June 27, 1974, p 12, col 1) that *317 upon the record and briefs examined, "there was no proof at special term that Sylvia Wager was a prime tenant or that special circumstances existed which would require that she be named as a party.”
Prior to rendition of that Appellate Term decision, Sylvia had moved in the Civil Court to intervene in the. summary proceedings, claiming an independent right as tenant under the lease. Her motion to intervene was denied by Civil Court Judge Ribaudo on July 2, 1974. On appeal from that order, the Appellate Term unanimously affirmed, holding that the prolonged delay in moving to intervene justified denial of the motion (Haberman v Wager, NYLJ, Sept. 11, 1974, p 2, col 2), and noting with respect to the present action for a declaratory judgment: "We do not pass on the merits of that action and our disposition is without prejudice thereto.”
Defendant asserts several grounds in support of his motion to dismiss the complaint. The assertion that this court has no jurisdiction of the subject matter of the pending action is without merit. Accordingly, dismissal under CPLR 3211 (subd [a], par 2) is denied. The declaratory judgment relief sought herein could not be obtained in the Civil Court by reason of its limited jurisdiction. The complaint, though inartistically drawn, states a cause of action. Plaintiff Sylvia Wager seeks a judgment declaring her rights as tenant under the original lease and as a statutory tenant from month to month pursuant to section 232-c of the Real Property Law. Accordingly, defendant’s motion to dismiss under CPLR 3211 (subd [a], par 7) is denied. Equally unavailing is that branch of defendant’s motion for an order pursuant to CPLR 3211 (subd [a], par 4), dismissing the action upon the ground that another action is pending between the parties for the same relief. Plaintiff Sylvia Wager was not a party to the Civil Court action. Moreover, that action has been terminated by the rendition of final judgment.
Defendant also asserts as a ground for dismissal the defense of res judicata and collateral estoppel (CPLR 3211, subd [a], par 5), contending that the present action is merely a duplication of the same documents and same arguments advanced in the Civil Court proceedings and that the prior decisions of that court and the Appellate Term constitute the law of the case so as to preclude relitigation of these issues here. These decisions of the Appellate Term constitute the law of the case so as to preclude relitigation of these issues here. These *318 decisions of the Appellate Term were specifically without prejudice to any rights which may be the subject of this litigation. Such decisions cannot be held to bar this action.
The present record includes a copy of the lease. The court is requested to construe its terms and its effect upon the statutory tenancy created by operation of the provisions of the Real Property Law, not passed on in the Civil Court proceeding, at least with respect to Sylvia.
In support of his contention that Sylvia did not become a statutory tenant, from month to month, after expiration of the original lease, by virtue of section 232-c of the Real Property Law, defendant argues that by the terms of the statute, the tenancy is created by the acceptance by the landlord of a tender of rent. (Jaroslow v Lehigh Val. R. R. Co., 23 NY2d 991.) Defendant concludes that only Walter Wager, the person paying the rent, is the tenant. This analysis overlooks the fact that Sylvia Wager, named as a tenant in the original lease, signed the lease as a tenant and could be held liable in an action brought by the landlord for rent due.
The tenancy from month to month created by operation of the statute, in the absence of evidence to the contrary, must be construed to extend to all the tenants named in and executing the original lease. Any other construction would permit a landlord, at its option, to terminate the tenancy of several tenants merely by serving any one of them with the required 30-day notice and thereafter commencing a summary proceeding only against the tenant so served. Such a result would be highly inequitable and would defeat the purpose of the statute to provide protection to tenants as a definite class of persons. The defendant executed the lease with full knowledge of its terms and contents. Since the lease was undoubtedly prepared pursuant to landlord’s instructions, any ambiguities contained therein should be resolved against him.
Sections 232-a and 232-c, enacted for the protection of tenants, changed the common-law rule that a holdover tenant could be held for a new term solely by virtue of holding over. Section 232-a requires notice of termination so that tenants may not be dispossessed without reasonable notice at the end of any one month. (Graf v Miller, 202 Misc 887.) Since summary proceedings for eviction are statutory in nature, there must be strict compliance with the statutory requirement, so that a notice served under section 232-a must be timely, *319 definite and unequivocal. (28 Mott St. Co. v Summit Import Corp., 64 Misc 2d 860.)
A notice which does not specifically comply with the terms of the statute is improper and ineffective. In Haberman v Wager (73 Misc 2d 732), one of the prior proceedings involving the parties to this action, landlord on November 28, 1972 served Walter with a 30-day notice in conformity with section 232-a. Upon the failure of Walter to vacate the premises, a summary holdover proceeding was commenced. The petition was dismissed without prejudice, on technical grounds. Another summary holdover proceeding was commenced, substantially identical to the first, without prior service of a new 30-day notice. Walter’s motion to dismiss on the ground that a new notice was required was granted, the court stating (p 733): "The function of the notice therefore, is twofold. It ends the tenant’s estate, and it informs him of the consequence of his failure to vacate.”
The tenants’ estate, arising under section 232-c of the Real Property Law, must, of necessity, be based in the provisions of the original lease between the parties. (1 Rasch, Landlord and Tenant [2d ed], § 274, and cases cited.) Under the lease, Mr. and Mrs. Wager were both prime tenants. Both became month-to-month tenants by virtue of the statute, upon landlord’s acceptance of the rent. Their continued occupancy made them both tenants from month to month. That monthly rental payments were made by one of them is not dispositive of the rights of the other. Both would have been liable in the event of failure to pay. Both tenants should have been served with the required 30-day notice in accordance with the provisions of section 232-a of the Real Property Law. Service of such a notice and the commencement of summary proceedings against Walter Wager are valid only as to him. The requisite strict compliance with the statute mandates that the prior proceedings should be held not to be binding as to Mrs. Wager.
Accordingly, defendant’s motion for an order pursuant to CPLR 3211 dismissing the action is granted only as to plaintiff Walter Wager and is in all respects denied as to plaintiff Sylvia Wager.
Defendant, if so advised, may serve an answer within 10 days after service of a copy of the order to be entered herein together with notice of entry. Plaintiffs’ motion is granted only to the extent of continuing the stay contained in the *320 order to show cause only as to plaintiff Sylvia Wager until further order of the court.