■ CARDINAL SALES, INC., Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant. — In an action to recover damages for breach of a lease of commercial property, the defendant appeals from an order of the Supreme Court, Suffolk County (Thom, J.), which denied its motion, pursuant to CPLR 3211 (subd [a], par 4), to dismiss the action upon the ground that another action is pending between the parties for the same cause of action. Order affirmed, with $50 costs and disbursements, without prejudice to a motion to change the venue either of this action or the action pending between these parties and others in the Supreme Court, Nassau County, and for an order directing the joint trial thereof. Plaintiff, by a lease extension and modification agreement, rented a store to the defendant. On October 20, 1975 the premises were damaged by fire. Plaintiff made repairs to the premises but the defendant refused to reoccupy them and resume its leasehold. In 1978 an action was commenced in Supreme Court, Nassau County, in the name of the plaintiff by its fire insurer as its subrogee, against the defendant and other persons, alleging, *inter alia,* that defendant breached certain covenants in its lease, thereby causing the fire. Defendant counterclaimed alleging that it was the plaintiff's breach of the lease which caused the fire and seeking as part of the damages therefore a refund of part of its prepaid October, 1975 rent under a clause in the lease which terminated its tenancy in the event of total destruction of the premises by fire. In 1981 plaintiff commenced the instant action against defendant in the Supreme Court, Suffolk County, alleging that the latter had breached the lease by abandoning the premises after it had only been partially destroyed by fire. Defendant moved to dismiss this second action upon the ground that the prior action was pending between the parties for the same cause of action. The motion was properly denied since the two actions are not based upon the same actionable wrong. In the first the plaintiff seeks damages for breach of a covenant of the lease causing the fire. In the second it seeks damages for a breach of the lease when defendant abandoned the premises after they suffered what it claims was only partial fire damage. The counterclaim by defendant in the prior action similarly cannot support dismissal of the second action because it is also based upon a different actionable wrong, namely, plaintiff's alleged breach of the lease causing total destruction of the premises and its failure to refund prepaid rent thereafter in accordance with the terms of the lease. It is obvious that the pending actions share many common questions of law and fact, principally, whether the premises were only partially or totally destroyed by the fire. Under the circumstances, either or both of the parties may wish to change the venue of one of the actions and have it jointly tried with the other. We have not acted to change venue, *sua sponte,* since it cannot be determined from this record in which county a joint trial would best serve the convenience of material witnesses and the ends of justice (CPLR 3211, subd [a], par 4, last clause; 602, subd [a]; 510, subd 3; cf. *Barch v Avco Corp.,* 30 AD2d 241; Siegel, Practice Commentaries, McKinney's Cons

Laws of NY, Book 7B, CPLR C3211:19). Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.