OPINION OF THE COURT
Memorandum.
*631 Order insofar as appealed from unanimously reversed without costs, petitioner’s motion for summary judgment granted, and respondents’ cross motion for summary judgment to dismiss the petition denied.
Resolution of the issue in this proceeding requires an interpretation of a 1992 local resolution adopted by the White Plains Common Council (hereinafter Council) concerning the removal of owner-occupied condominium and cooperative units from regulation under the Emergency Tenant Protection Act (ETPA). The resolution was passed in response to a 1974 declaration of the Council which “[d]eclar[ed] a public emergency requiring regulation of residential units pursuant to the Emergency Tenant Protection Act of 1974,” thus subjecting all classes of rental housing accommodations which were subject to the ETPA to regulation. (It must be noted that while the ETPA was applicable to cooperative and condominium units prior to 1993, an amendment of the act in 1993 removed the protection from such housing accommodations which became vacant on or after July 7, 1993 [L 1993, ch 253, § 17]. However, this amendment does not affect the present proceeding.)
Landlord commenced the instant holdover proceeding seeking possession of the subject condominium unit, as well as rent arrears in the amount of $2,433.72. By notice of motion dated July 17, 1997, landlord sought summary judgment, arguing that the subject condominium unit is exempt from the ETPA by virtue of the fact that said unit was at one time owned and occupied by a predecessor of petitioner, an individual who purchased the unit from the sponsor of the condominium. It is undisputed that petitioner herein never occupied the unit.
In response to the motion, tenants interposed a cross motion seeking to dismiss the petition and award judgment on a counterclaim for damages. Tenants stated that the tenancy was commenced in December 1986 at an annual rent of $15,480 to be paid monthly at $1,290. Further, apparently under the belief that his unit was not subject to the ETPA at the time of the lease, landlord never offered the tenants a one- or two-year renewal which tenants argue is required under the ETPA. Thus, according to tenants, they continued to remain in possession under the original lease.
The court below ruled in favor of the tenants, finding that only condominium units which were presently owner occupied or which were intended to be occupied by an owner, were exempt from the ETPA according to the resolution. To come to its conclusion, the court examined the definitions provided in *632 the resolution. The term “owner occupied condominium unit” is defined as “[a]ny condominium * * * dwelling unit which has been or is occupied or intended to be occupied by an owner * * * as his/her primary residence.” Further, an “owner” is defined as “[a]ny natural person who is the purchaser, owner or grantee of a condominium deed * * * and who occupies or intends to occupy a condominium * * * unit as his/her primary residence.” The court thus concluded that “the use of present tense phraseology, as evidenced by the verb form ‘is’ in the definition of ‘Owner’, demonstrates a clear and unambiguous intent to designate existing owners who have occupied, presently occupy or intend to occupy a condominium unit as his/her primary residence as the class of housing accommodations contemplated by the resolution.”
In reaching its conclusion, the court overlooked the definition of an “owner occupied condominium unit,” which includes “any condominium unit which has been or is intended to be occupied by an owner” (emphasis added). Because the subject unit was, at one time, owner occupied, it falls within the definition contemplated by the resolution, and is thus exempt from the ETPA. Therefore, we find that the Council did not intend to designate only existing owner-occupied units as exempt from the ETPA. As such, landlord’s motion for summary judgment should have been granted.
DiPaola, P. J., Floyd and Palella, JJ., concur.