*309 OPINION OF THE COURT
Memorandum.
In this nonprimary residence holdover proceeding, the Housing Court correctly concluded that the pendency of a prior illegal sublet proceeding did not bar the maintenance of this proceeding. The doctrine of prior proceeding pending applies when the two proceedings are based on the same actionable wrong (CPLR 3211 [a] [4]; see, Trump Empire State Partners v Empire State Bldg. Assocs., 245 AD2d 188; Parker v Rich, 140 AD2d 177; Cardinal Sales v Great Atl. & Pac. Tea Co., 89 AD2d 596). Inasmuch as landlord’s two proceedings are not based on the same actionable wrong (see generally, Pamela Equities Corp. v Camp, 127 Misc 2d 395), this defense is unavailable to tenant.
Tenant’s claim that the doctrine of judicial estoppel precludes landlord from asserting inconsistent termination dates in the two proceedings is equally unavailing. The doctrine of judicial estoppel applies only where the party against whom it is asserted has secured a judgment in his favor in the prior proceeding (Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae, 243 AD2d 168, 176). Here, landlord did not receive a judgment in the first proceeding and thus is not precluded from asserting an inconsistent claim in this proceeding (cf., CPLR 3014 [permitting inconsistent pleadings]).
Scholnick, P. J., Patterson and Goma, JJ., concur.