OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the appeals are consolidated for the purposes of disposition; and it is further, ordered that tenant’s appeal from so much of the order entered October 11, 2007 as consolidated the instant proceeding with “any prior pending action” is dismissed as moot; and it is further, ordered that the order entered October 11, 2007, insofar as appealed from by tenant and insofar as reviewed, is affirmed without costs and, upon searching the record, landlord is granted summary judgment awarding him a final judgment of possession; and it is further, ordered that the order entered October 11, 2007, insofar as cross-appealed from by landlord, is reversed without costs and landlord’s motion to dismiss tenant’s affirmative defenses and counterclaims is granted; and it is further, ordered that the order entered January 30, 2008, insofar as appealed from and reviewed, is reversed without costs and all the provisions thereof, except the provision in which the court recused itself, are vacated.
Landlord was, at all times relevant to this holdover proceeding, the proprietary lessee of, and the owner of shares allocated and appurtenant to, the cooperative apartment that is the subject of this proceeding. In 1987, landlord entered into a contract to sell his shares and his interest in the subject apart *47 ment to tenant and her mother. Paragraph 6 of the contract of sale states, “This sale is subject to the approval of the directors or shareholders of the Corporation as provided in the Lease or the corporate by-laws.” At the same time, landlord, tenant and tenant’s mother entered into an occupancy agreement incident to the contract of sale. Tenant took possession of the subject apartment pursuant to that occupancy agreement. The cooperative corporation subsequently declined to approve the sale to tenant and her mother, following which landlord, in 1989, commenced a holdover summary proceeding to recover possession of the premises, and tenant and her mother commenced an ultimately unsuccessful federal action against, amongst others, the cooperative corporation. The federal litigation ended in 1993. Tenant paid landlord the sum of $1,000 every month until 2001, when, pursuant to landlord’s demands, she began paying increased monthly amounts. The 1.989 summary proceeding remained dormant from 1993 until this proceeding was commenced in 2007. Tenant’s mother never resided in the apartment.
In the instant proceeding, landlord alleges that tenant entered into possession of the subject apartment pursuant to an occupancy agreement incident to a contract of sale, that upon termination of the occupancy agreement she became a month-to-month tenant pursuant to an oral agreement, that her term expired on May 31, 2007 and that she was given more than 30 days’ notice of the termination of her tenancy. Landlord attached to the petition a copy of the termination notice and proof of its service. Tenant’s answer denies the existence of a landlord-tenant relationship, raises the possibility that the apartment is subject to rent regulation, and asserts 10 affirmative defenses and four counterclaims. The answer does not challenge service of the termination notice, and, in a letter attached to the answer, tenant admitted receipt of the notice.
Insofar as is relevant to the issues raised on appeal, landlord moved to dismiss all of tenant’s affirmative defenses and counterclaims. Tenant cross-moved for dismissal of the petition pursuant to CPLR 3211 (a), summary judgment dismissing the petition, referral to the Division of Housing and Community Renewal (DHCR) for a determination as to the rent-control status of the subject apartment, costs and sanctions, and the referral of landlord’s attorney to the Grievance Committee. By order entered October 11, 2007, the City Court denied both parties their requested relief and consolidated the instant proceeding *48 with “any prior pending action.” Both parties have appealed from that order.
The outcome of this proceeding is dependent upon the relationship between the parties with respect to the subject apartment. While the parties agree that tenant entered into possession pursuant to the occupancy agreement, we find that tenant’s right to possession pursuant to said agreement terminated long before the instant proceeding was commenced in 2007. The contract of sale was unambiguous as to the effect of the cooperative corporation’s refusal to approve the sale: the contract would be cancelled. The stated purpose of the occupancy agreement was to accommodate the parties prior to closing. The occupancy agreement set forth specific circumstances under which tenant could maintain possession of the premises, none of which apply to the facts of this case. Accordingly, we find that tenant’s right to possession pursuant to the occupancy agreement terminated, at the latest, when the federal litigation regarding the cooperative corporation’s refusal to approve the sale had been resolved in the cooperative corporation’s favor. In addition, we find that once tenant’s right to possession under the occupancy agreement terminated and landlord continued to accept regular monthly payments in exchange for tenant’s exclusive possession of the apartment (cf. Matter of Smith v Donovan, 61 AD3d 505 [2009]), a month-to-month tenancy was created (cf. Weiden v 926 Park Ave. Corp., 154 AD2d 308 [1989]; Walker v Espinal, 4 Misc 3d 136[A], 2004 NY Slip Op 50832[U] [App Term, 1st Dept 2004]). This is particularly so here, where the amounts of the monthly payments were increased from time to time pursuant to implicit or express agreements. We note that tenant does not claim that because these monthly payments were made during the purported pendency of the 1989 proceeding they must be deemed to be use and occupancy (cf. RPAPL 711 [1]), nor, under the unusual circumstances presented here, including the 14 years which elapsed following the termination of the federal litigation during which there was no activity in the 1989 proceeding, can these payments be so deemed (see McFadden v Sassower, 26 Misc 3d 141[A], 2010 NY Slip Op 50316[U] [appeal No. 2008-1427 W C 2010] [decided herewith]). We further find that landlord timely served a notice to terminate the month-to-month tenancy, receipt of which notice was admitted (see Real Property Law § 232-b).
The petition alleges that the subject apartment is exempt from the Emergency Tenant Protection Act of 1974 (ETPA) by *49 virtue of a resolution passed by the Common Council of the City of White Plains on September 9, 1992. That resolution is entitled “Resolution Removing Owner-Occupied Condominium and Cooperative Units From Regulation Under The Emergency Tenant Protection Act of 1974.” Tenant has argued that there is a question as to the rent regulatory status of the apartment and that it should be referred to DHCR. We find that the subject apartment is exempt from the ETPA under the resolution (see Harding v Engle, 184 Misc 2d 630 [App Term, 9th & 10th Jud Dists 2000] [construing the same resolution]).
Tenant has argued that this proceeding must be dismissed pursuant to CPLR 3211 (a) (4) because several summary proceedings were commenced against her many years earlier and remained pending. To warrant dismissal on this ground, the earlier proceedings must have been based on the same actionable wrong as the instant proceeding (see JC Mfg. v NPI Elec., 178 AD2d 505 [1991]; Pagano v Cohen, 190 Misc 2d 308 [App Term, 2d & 11th Jud Dists 2001]). As the instant holdover proceeding is based upon tenant’s failure to vacate the subject apartment pursuant to a notice of termination served in 2007, it is impossible for the proceedings that were commenced in 1987, 1988 or 1989 to have been based on the same actionable wrong.
Contrary to tenant’s position, landlord was not required to allege in the petition that tenant had tendered, and landlord had returned, checks for use and occupancy after landlord had served the notice of termination. Nor, on the record presented, which indicates that tenant subsequently stopped payment on the checks, is there a triable issue as to whether landlord reinstated the tenancy by retaining tenant’s rent checks. Furthermore, as this holdover proceeding was based upon tenant’s status as a month-to-month tenant by virtue of her possession of the apartment and landlord’s acceptance of a monthly payment therefor, tenant’s mother, who neither resided in the apartment nor paid rent, was not a month-to-month cotenant in the premises or a necessary party to the proceeding (cf. Wager v Haberman, 85 Misc 2d 314 [1975]).
Regardless of the merits of tenant’s claims of unjust enrichment, equitable estoppel and fraud, based on a claim that landlord continued to lead her to believe that he would sell her the apartment, and her allegations with respect to landlord’s failure to aid her in the federal litigation, tenant has failed to explain how any of these claims form the basis for a defense to *50 this holdover proceeding (cf. Mirra v Pattee, 19 Misc 3d 142[A], 2008 NY Slip Op 51031[U] [App Term, 2d & 11th Jud Dists 2008]). In any event, tenant failed to demonstrate that landlord was unjustly enriched by her continued possession of the subject apartment, since her occupancy was adverse to his expressed interests, as demonstrated by the prior summary proceedings he had commenced against her. Moreover, she received the benefit of living in the apartment (see Metal Cladding v Brassey, 159 AD2d 958 [1990]). In addition, the facts alleged in tenant’s answer do not support a finding of equitable estoppel or fraud, and do not support tenant’s defense of retaliatory eviction.
In view of the foregoing, tenant has shown no merit to the branches of her motion to dismiss and for summary judgment. Indeed, as we have found that a month-to-month tenancy existed and was terminated by service of the notice of termination, and that no triable issue has been raised by tenant, we search the record and determine that landlord is entitled to summary judgment awarding him a final judgment of possession (see CPLR 3212 [b]).
Landlord has also appealed from the denial of the branch of his motion seeking to dismiss tenant’s counterclaims. In light of our finding that the contract of sale was cancelled upon the cooperative corporation’s refusal to approve it, tenant had no rights to enforce under the contract of sale and occupancy agreement. To the extent that tenant’s counterclaims seek to enforce such rights, they should have been dismissed. Moreover, as noted above, tenant failed to allege sufficient facts to support a cause of action for fraud or retaliatory eviction, and the facts alleged by tenant in support of her first three counterclaims fail to state any cause of action upon which relief could be granted. Accordingly, landlord’s motion to dismiss the first three counterclaims should have been granted.
Tenant’s fourth counterclaim sought the imposition of costs and sanctions against landlord and his attorney, as well as the disciplinary referral of landlord’s attorney. New York does not recognize a separate cause of action for sanctions (Ocean Side Institutional Indus., Inc. v Superior Laundry, 15 Misc 3d 1123[A], 2007 NY Slip Op 50822[U] [Sup Ct, Nassau County 2007]). Accordingly, landlord’s motion to dismiss the fourth counterclaim should have been granted. Tenant also sought this relief in her motions. We find that the City Court did not improvidently exercise its discretion in declining to award this relief.
*51 By order entered January 30, 2008, the City Court granted tenant leave to reargue and renew her prior cross motion, granted landlord leave to reargue his prior motion, adhered to its prior decision, and recused itself. All the provisions of the order entered January 30, 2008, other than the provision in which the court recused itself, are stricken because, upon recusal, the court should not have heard and determined the parties’ pending motions (see Friends of Keuka Lake v DeMay, 206 AD2d 850 [1994]). In view of our disposition of the appeal and cross appeal from the order entered October 11, 2007, the motion by tenant, which, in essence, merely sought reargument and did not properly constitute a motion for leave to renew (see CPLR 2221 [e]), and the cross motion by landlord have been rendered academic.
We note that, in the order entered October 11, 2007, the court consolidated “any prior pending action with the instant proceeding to avoid duplicative trials and promote judicial economy.” Any argument that tenant has raised against this part of the order is moot in light of the foregoing, and in light of this court’s dismissal of the March 27, 1989 petition in McFadden v Sassower (26 Misc 3d 141[A], 2010 NY Slip Op 50316[U] [appeal No. 2008-1427 W C 2010] [decided herewith]).
Molía and Iannacci, JJ., concur; Nicolai, EJ., taking no part.